**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39450**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 643 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DONALD GENE MORRIS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction and aggregate sentence of twenty-four years, with a minimum period of confinement of three years, for fifteen counts of possession of sexually exploitative material, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

Donald Gene Morris appeals from his judgment of conviction and aggregate sentence of twenty-four years, with a minimum period of confinement of three years, for fifteen counts of possession of sexually exploitative material. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Morris pled guilty to fifteen counts of possession of sexually exploitative material. I.C. § 18-1507A. The district court imposed unified terms of eight years, with minimum periods of confinement of one year, for each count. The district court ordered that counts one through five run concurrently, counts six through ten run concurrently, and counts eleven through fifteen run concurrently. The district court also ordered that the three groups of concurrent sentences be

1

served consecutively. Thus, the district court sentenced Morris to an aggregate term of twenty-four years, with a minimum period of confinement of three years. Morris appeals.

## II.

## ANALYSIS

Morris asserts that, in rejecting recommendations for probation and community-based treatment or, in the alternative, a period of retained jurisdiction to further evaluate the imposition of a sentence of probation with community-based treatment, the district court erroneously relied on two factors--Morris's deceptive answers to questions during a polygraph examination and the recent instability of Morris's housing situation. Morris argues that reliance on these factors was an abuse of discretion and unconstitutional. The state asserts that, because Morris failed to object to the district court's reliance upon these factors during sentencing, the issues are waived unless they can be reviewed for fundamental error. We agree.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) the error is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) the error affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Morris argues that the district court abused its discretion during sentencing by considering his answers to two polygraph questions administered as part of his psychosexual evaluation. Specifically, Morris was asked whether he had ever had sexual contact with anyone under the age of eighteen. Morris was also asked, regarding the issue of sexual contact with a minor, whether he had ever had sexual contact with anyone under the age of eighteen. To both questions, Morris answered "no." According to the examiner, these answers showed strong and consistent unresolved responses. Morris's appellate counsel speculates that, because Morris

2

admitted during his psychosexual evaluation to having sexual contact with a girl who was about his same age when he was approximately eighteen years old, Morris and the girl may have been seventeen at the time. Thus, Morris asserts that his answers, which were deemed deceptive by the district court, may have been related to that experience, which was not a crime, and therefore the questions were irrelevant to the question of whether he had ever had illegal sexual contact with a minor. Morris argues that, while his answers to the polygraph questions did show strong and consistent unresolved responses, the questions were "so obviously flawed that the polygraph results did not provide any relevant information." Morris concludes that, by relying on his answers to such questions, the district court did not base the imposition of Morris's sentence upon sound reasoning and, therefore, abused its discretion.

Morris's assertion that the polygraph results did not provide any relevant information is unpersuasive. Such assertion is based upon mere speculation by appellate counsel that Morris's answers to the polygraph questions only showed strong and consistent unresolved responses because Morris had previously had sexual contact with a minor while he was also a minor. During sentencing, the district court expressed concern about Morris's deceptive answers regarding his prior history with minors and noted that nothing had been said to clarify the reason for such deception. No clarification was thereafter made and Morris's appellate counsel only attempts to make such clarification based upon speculation. Even assuming that the polygraph results did not provide any relevant information, Morris has not argued, nor provided any authority to show, that consideration of irrelevant information during his sentencing violated any constitutional right. Morris has not shown that the district court's consideration of allegedly irrelevant information during sentencing violated one or more of his unwaived constitutional rights. Accordingly, Morris's claim fails under the first prong of *Perry*.

Morris also argues that the district court did not use sound reasoning and, therefore, abused its discretion by determining that incarceration was necessary because Morris had been homeless for a time between the entry of his guilty pleas and sentencing. Specifically, Morris asserts that the district court expressed concern that Morris would have difficulty completing probation because of his prior living situation and failed to consider that Morris had moved into a men's shelter and was in the process of securing an apartment. Contrary to Morris's assertion, the district court did inquire into Morris's living situation during sentencing. The district court was informed that the address included in the pre-sentence investigation report was the address

of a men's shelter, Morris had subsequently lived in his car for a period of time, and Morris was currently staying at a new residence with a roommate. Morris's assertion that the district court did not use sound reasoning because it failed to consider that Morris had moved into a men's shelter and was in the process of securing an apartment is without merit. Morris has not shown that the district court's consideration of Morris's housing situation during sentencing violated one or more of the Morris's unwaived constitutional rights. Thus, Morris's claim fails under the first prong of *Perry.*

Morris additionally argues that the district court's concerns regarding Morris's housing situation could have been resolved by sentencing Morris to a period of retained jurisdiction. Thus, Morris concludes that, as in *Bearden v. Georgia*, 461 U.S. 660 (1983), the district court's decision to sentence Morris to incarceration based upon his previous housing situation and without consideration of alternatives violated his Fourteenth Amendment right to fundamental fairness.

In *Bearden*, the United States Supreme Court addressed a situation where a defendant's probation was revoked and he was imprisoned because of his failure to pay a fine and restitution. The Court stated:

> We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 672-73. The Court reasoned that, because the defendant was imprisoned simply because he could not pay the fine he was ordered to pay, without consideration of the reasons for the inability to pay or the propriety of reducing the fine or extending the time for payments or making alternative orders, the fine was automatically turned into a prison sentence. The Court concluded that, if upon remand, it was determined that the defendant did not make bona fide

4

efforts to pay his fine, or that alternate punishment was not adequate to meet the state's interests in punishment and deterrence, imprisonment would be a permissible sentence. *Id.* at 674. The Court also concluded that unless such determinations were made, fundamental fairness would require that the defendant remain on probation. *Id.*

Morris's assertion that, as in *Bearden*, the district court's decision to sentence Morris to incarceration violated his Fourteenth Amendment right to fundamental fairness is without merit. Specifically, this case is readily distinguishable from *Bearden*. During sentencing, the district court noted that Morris admitted in the presentence investigation report that he had downloaded and viewed child pornography over a minimum period of two years. The district court also noted that the crime of possession of sexually exploitative material was a very significant violation of the law. The district court further noted that, by downloading the images of child pornography to his computer, Morris created a demand for such commodity and perpetuated the abuse of children. The district court stated:

> And so I consider this type of crime, especially again with the history of time frame, and the nature of the extent of it, to be significant.
>
> I also have reviewed 19-2521 of the Idaho Code, which requires me to consider your history, the background, your risk, and amenability to treatment. I, too, am concerned about [the] report only from the standpoint that the polygraph has not been passed, and there are significant areas of deception regarding your prior history with minor victims yourself. There's been nothing to clarify that, nothing to say what went on or what is the reason for that significant showing of deception; but to me that, coupled with what happened here, is a significant risk factor that I take into account. The polygrapher's statement was that your answer showed strong inconsistence, unresolved responses. And for a judge like me considering cases of this magnitude, unresolved responses heighten the security risk that I think folks like you pose for our community. Whether that's a risk that requires long-term incarceration, I don't believe so; but I do believe that the risk, albeit [identified as] mild to moderate, I believe it's more, more significant.
>
> . . . .
>
> Mr. Morris, I feel that, based upon this type of behavior and the nature and conduct of yourself, your history as a multiple time felon, that probation certainly is not in the cards today, sir. In fact, I am going to order a sentence of imprisonment; and again, I do so because of the risk factors that I see here. I think probation would be difficult at best to accomplish with someone who's been, not had a standard residence. You left Idaho and went to Wyoming under the guise of finding community education while these charges were pending. You were late, with an excuse for the court. I understand and don't hold that against you. But I still consider all of these factors to be such that makes community supervision not an option I would choose in my discretion.

5

The presentence investigator recommends a rider. I decline that as well, for the reason that I think you need a longer term look at your amenability to treatment, and that that can be best provided in a penitentiary setting.

Thus, the district court in this case sentenced Morris to incarceration based upon the following risk factors: the significant nature and extent of the crimes; the deceptive answers that Morris provided in response to polygraph questions about prior sexual contact with minors; the conduct of Morris and history as a multiple-offender felon; and the lack of viability of community supervision. The district court also considered the alternatives of probation and retained jurisdiction. Accordingly, Morris has not shown that district court sentenced Morris to incarceration based upon his previous housing situation and without consideration of alternatives such that his Fourteenth Amendment right to fundamental fairness was violated. Thus, Morris's claim fails under the first prong of *Perry*.

Morris finally argues that the district court abused its discretion by imposing an excessive sentence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable

6

minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.*

The record in this case reveals that Morris downloaded and viewed child pornography for a minimum of two years and pled guilty to fifteen counts of possession of sexually exploitative material. Each count carried with it a potential ten-year penalty and a $10,000 fine, for a maximum potential penalty of 150 years and a $150,000 fine. Given the nature and extent of the crimes Morris committed in this case and his history as a multiple time felon, we cannot say that the district court abused its discretion by imposing an excessive sentence.

## III.

## CONCLUSION

Morris has not shown that the district court's consideration of allegedly irrelevant information or of Morris's housing situation during sentencing violated one or more of Morris's unwaived constitutional rights. Morris has not shown that the district court sentenced Morris to incarceration based upon his previous housing situation and without consideration of alternatives such that his Fourteenth Amendment right to fundamental fairness was violated. Thus, Morris's claims fail under the first prong of *Perry*. Morris has not shown that the district court abused its discretion by imposing an excessive sentence. Therefore, Morris's judgment of conviction and aggregate sentence of a unified term of twenty-four years, with a minimum period of confinement of three years, for fifteen counts of possession of sexually exploitative material is affirmed.

Judge GUTIERREZ, **CONCURS.**

Judge LANSING, **CONCURS IN THE RESULT.**

7