IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39123

STATE OF IDAHO,                    )    2013 Unpublished Opinion No. 368
                                   )
    Plaintiff-Respondent,          )    Filed: February 15, 2013
                                   )
v.                                 )    Stephen W. Kenyon, Clerk
                                   )
RONALD STANLEY FAVINI,             )    THIS IS AN UNPUBLISHED
                                   )    OPINION AND SHALL NOT
    Defendant-Appellant.           )    BE CITED AS AUTHORITY
                                   )

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction and modifying sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Ronald Stanley Favini appeals from the district court's order relinquishing jurisdiction and modifying his sentence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2010, Favini inflicted a knife wound to another individual during an altercation outside of a bar. The state charged Favini with aggravated battery, I.C. §§ 18-903 and 18-907, along with deadly weapon and persistent violator enhancements. Favini was found guilty by a jury, and the district court found Favini to be a persistent violator. Favini then requested a mental health evaluation pursuant to I.C. § 19-2524, which the district court subsequently ordered. Prior to sentencing, Favini's attorney requested Favini undergo a mental competency evaluation pursuant to I.C. § 18-211. The district court granted this request and found Favini competent to

1

proceed. The district court imposed a unified fifty-year sentence, with a minimum period of confinement of fifteen years, and retained jurisdiction for one year.

The Department of Correction recommended early termination of the retained jurisdiction period, and the district court held a hearing. At the hearing, Favini argued the district court should continue to retain jurisdiction and that the problems Favini exhibited while in the retained jurisdiction program were due to his mental health issues. Specifically, counsel for Favini stated:

> I . . . made it fairly clear I think, I stopped the--did my best to stop this during the trial to ensure that my client was competent and then to inform the Court of his past mental health problems. They were immediately recognized when he ended up in the Theraputic Community, and I think that given his underlying psychosis, that trying to re-acclimate into a normal social environment as set up by this program is not the structure he needed.

The district court relinquished jurisdiction. In explaining its reasons for doing so, the district court noted the many violations and disciplinary issues Favini presented during the program. The district court further stated there was nothing to corroborate Favini's assertion that his behavior was a result of mental illness. The district court pointed to both the mental health evaluation under I.C. § 19-2524 and the I.C. § 18-211 competency evaluation and concluded neither evaluation supported Favini's claim. Favini did not object at the hearing to the district court's analysis. The district court ultimately modified the sentence to a unified term of fifty years, reducing the minimum period of confinement to five years. This appeal follows.

## II.

## ANALYSIS

Favini argues that the district court abused its discretion by considering the competency evaluation during the hearing on whether to relinquish jurisdiction and that this constitutes fundamental error. Favini also argues that the sentence imposed is unreasonably excessive and constitutes an abuse of discretion. The state argues that the competency evaluation issue was not preserved for appeal and is not fundamental error. The state also argues that Favini failed to demonstrate an abuse of discretion as to the sentence imposed.

### A. Fundamental Error

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made

2

below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978. This test also applies to hearings on whether to relinquish jurisdiction. *State v. Longest*, 149 Idaho 782, 783-84, 241 P.3d 955, 956-57 (2010).

Assuming that the district court erred by considering Favini's competency evaluation when deciding whether to relinquish jurisdiction, Favini has failed to demonstrate that this affected the outcome of the proceeding as necessary under *Perry*. Absent the competency evaluation, the district court would have been left with Favini's assertions that mental illness caused his behavioral problems, the mental health evaluation under I.C. § 19-2524, and the reports from the Department of Correction. The mental health evaluation produced a diagnosis of malingering and antisocial personality disorder, in addition to an alcohol, amphetamine, and cocaine dependence. This diagnosis corresponded with Favini's psychological and criminal history, as well as the reports from the Department of Corrections. To the extent the district court considered the I.C. § 18-211 competency evaluation, the district court stated as follows:

> A couple of months later, June 13th, 2011, Dr. Parkman, a psychologist, diagnosed you essentially similarly with personality disorder, not otherwise specified, with marked borderline, schizotypal and antisocial features in addition to your poly-substance dependence, generalized anxiety disorder, mood disorder, and then--I think that was the extent of the mental health evaluations.

Thus, the competency evaluation was duplicative of other information already before the district court. Further, it appears the district court was attempting to find anything that would give credence to Favini's argument by looking at the competency evaluation, contrary to Favini's assertion that the district court used it as an aggravating factor. Given Favini's position at the hearing, urging the district court to consider his mental health issues and referencing the competency evaluation, it is hard to see how consideration of that document in any way

3

adversely affected the district court's decision. Therefore, Favini has failed to show consideration of the competency evaluation affected the proceedings as required under the third prong of *Perry*.

**B.      Sentence Review**

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Favini argues the district court abused its discretion by imposing a fifty-year sentence because he has a history of mental illness, desires treatment, and has remorse for committing the crime. The state argues that the mental health evaluation demonstrated the presence of malingering and points out the serious nature of the offense and Favini's extensive criminal history. The record in this case reveals that the district court considered Favini's mental health issues, along with his substance abuse problems and extensive criminal history. It recognized the extreme danger Favini posed to society in general, yet still allowed Favini an opportunity to demonstrate he could deal with these issues by placing him in the retained jurisdiction program. However, the district court made clear that protecting society was of the utmost importance and that, absent a showing of positive change during the retained jurisdiction program, it would be forced to protect society through implementation of a lengthy sentence. At the hearing on

4

whether to relinquish jurisdiction, the district court again focused on the protection of society, stating:

> It's not clear to me that you have any sort of mental illness, and it is quite clear to me that even if you do have some sort of mental illness, you have almost intractable, maybe not correctable, antisocial personality, and if that is the case, then society needs to be protected from you as long as possible.

Further, the record also reveals the serious nature of the offense--Favini pulled out a knife while extremely intoxicated and attacked the victim, cutting the victim's hand. Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion by sentencing Favini to a unified term of fifty years, with a minimum period of confinement of five years.

## IV.

## CONCLUSION

Favini has failed to show the alleged error affected the outcome of the hearing on whether to relinquish jurisdiction, as the material considered by the district court from the competency evaluation was duplicative of other information already before the district court. Favini also failed to show an abuse of discretion in the length of his sentence. Therefore, the district court's order relinquishing jurisdiction and modifying Favini's sentence is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR.**