**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40377**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 368 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL WILLIAM TAPPIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion to suppress, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Michael William Tappin appeals from the judgment of conviction entered by the district court upon Tappin's conditional guilty plea to trafficking in heroin. Specifically, Tappin challenges the district court's denial of his motion to suppress evidence discovered as the result of a traffic stop. We affirm.

On January 11, 2012, Detective Andreoli, an undercover narcotics officer, arranged to purchase heroin from Steven McDaniel. McDaniel and a friend identified as "Mikey" were to travel to Seattle to pick up some high-quality heroin which McDaniel agreed to sell to Andreoli upon their return. McDaniel kept in contact with Andreoli and delivery was eventually scheduled for January 14.

On that morning Andreoli, with a surveillance team standing by, went to a gas station on Federal Way in Boise where he met with McDaniel for the heroin delivery. McDaniel, however, could not complete the sale at the time because he stated Mikey had his digital scale. Unable to

1

purchase a new scale elsewhere, McDaniel decided they should drive to Mikey's house and get his scale back. As they approached the house, McDaniel had Andreoli stop the car so he could get out and walk the remainder of the way, claiming Mikey did not want others to know where he lived. The surveillance team observed McDaniel return from one of two houses on the street. Upon his return, McDaniel directed Andreoli to drive back to the gas station where he produced a digital scale and completed the drug transaction.

During this time, the surveillance officers continued to observe the two houses. A car, with its driver on the phone, pulled up and parked, made a sudden and illegal U-turn and parked, then pulled forward and parked again, all without signaling. Tappin exited one of the two houses and got into the passenger seat of the car. As the car pulled away from the curb, the officers made a traffic stop. As the stop began, officers observed the passenger lean forward and reach his hand toward his waistband or pocket area. Officers removed the driver and passenger from the vehicle and the passenger identified himself as Tappin. An officer asked Tappin if he had any weapons or contraband and for permission to search his person. Tappin granted consent and the officers found a bag containing ten grams of heroin in Tappin's right front pants pocket.

Tappin was charged with conspiracy to traffic in heroin, in violation of I.C. §§ 37-2732B(a)(6)(C), 18-1701, 37-2732(b) and 19-304; trafficking in heroin, I.C. § 37-2732B(a)(6) and 18-204; and possession of drug paraphernalia, I.C. § 37-2734A. Tappin filed a motion to suppress the evidence gathered by the police as a result of the traffic stop alleging there was no legal basis for the stop and no reasonable suspicion of any criminal activity. After a hearing on the motion, the district court denied the suppression motion. Tappin entered into a conditional guilty plea wherein he pled guilty to the trafficking charge and the conspiracy and possession offenses were dismissed by the state. Tappin reserved his right to appeal the district court's denial of his suppression motion. Tappin appealed.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

On appeal, Tappin argues that the officers did not have reasonable suspicion to lawfully expand the length and scope of the traffic stop into a drug investigation. Although he contested the initial traffic stop in the district court, Tappin concedes on appeal that the stop of the vehicle and detention of its occupants was valid. Tappin now asserts that his detention became illegal and that illegality tainted his consent to search making it ineffective.

Therefore, we must first address the state's argument that Tappin is raising a new issue for the first time on appeal that this Court should not consider. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

As grounds for relief in his motion, Tappin asserted "that there was no legal cause to stop, detain and arrest the Defendant." In his memorandum filed in support of his motion, Tappin stated, "Detectives Bruner and Clark stopped Dougal's car without any individualized suspicion of criminal activity." And further that, "In absence of a reasonable articulable suspicion of criminal activity, a valid search warrant or a valid arrest warrant, the Court must suppress all evidence gathered as a result of the stop, arrest, and subsequent search of Mr. Tappin and the residence located at 2324 S. Virginia Street, Boise, Idaho."

After an evidentiary hearing, the district court entered factual findings and ordered that Tappin's motion be denied. The district court concluded that the driver of the car made several traffic violations justifying the stop. The district court further stated, "Once the stop occurred, nothing precluded the officer from asking Tappin for his consent to a search. *There is no challenge to the fact that he voluntarily consented to the search of his person*." (Emphasis added.) Although Tappin noted in his memorandum in support of his motion that he "reserves the right to make additional arguments based on the evidence adduced at the evidentiary hearing," no evidence was introduced setting forth this challenge and no argument was made raising it to the district court for a ruling on the issue.

In his reply brief on appeal, Tappin repeatedly claims that an "overarching" motion to suppress always requires a dual inquiry: whether the stop was valid at its inception and whether the scope and duration was exceeded. We disagree. It is the defendant below who, by his motion, defines the parameters of the motion, gives notice to the state of his grounds, and argues

to the district court for a ruling on his position. The state and trial court are not required to address every possible challenge imaginable when no evidence is presented or argument raised sufficient for a decision and preservation of the issue. We also are not persuaded by Tappin's argument on appeal that because the district court stated that nothing precluded the officers from asking for Tappin's consent, "That statement indicates that the district court considered whether the expansion of the traffic stop for investigation into drug activity had any effect on Mr. Tappin's consent." The district court specifically held there was no challenge raised to the voluntariness of the consent. Therefore, the record contradicts Tappin's current position, that the scope and duration of the stop tainted his consent making it ineffective, was an issue raised, argued, and decided in the district court.

We conclude that Tappin requests this Court to reverse the district court's decision on an argument not raised below. In failing to raise it below, Tappin has not preserved the issue for appellate review. Therefore, the district court's order denying Tappin's motion to suppress is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

4