824 P.2d 123

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Aaron FODGE, Defendant–Appellant.**

**No. 18200.**

Supreme Court of Idaho,
Coeur D'Alene, October 1991 Term.

Jan. 16, 1992.

Daniel P. Featherston, Sandpoint, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., and Michael A. Henderson (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

McDEVITT, Justice.

The appellant was convicted of the crime of lewd conduct with a minor or child under the age of sixteen (16), in violation of I.C. § 18–1508. The district court sentenced the appellant to a fixed term of thirty (30) years and a maximum term of life in prison.

During the trial, counsel for appellant called Mr. Jack Teigen as a witness for the purpose of testifying as to his recollections of and observations made during a series of four questions asked by Teigen and answered by appellant.[1] The questions were asked and answered during a polygraph examination administered by Teigen. In addition, counsel for appellant also intended Teigen to testify as to his observed physiological responses (galvanic skin, cardiovascular, and respiratory) of the appellant during the examination.

The State objected as soon as counsel called Mr. Teigen as a witness. The trial court excused the jury and heard the arguments of both parties, after which, the trial court excluded the testimony. The trial court noted that since the defendant-appellant would not be testifying, and since the theory of the defense was that the alleged acts simply did not occur, the defendant-appellant's credibility was not relevant. The trial court also noted that this Court has never recognized polygraph examinations to have a sufficient degree of accuracy and reliability to be admissible during a trial.

After trial, the appellant requested the court to instruct the jury on four lesser offenses. In this regard, appellant requested the jury to be instructed on the following crimes: (1) sexual abuse of a child under the age of sixteen (16), in violation of I.C. § 18–1506; (2) injury to children with the potential of great bodily harm, in violation of I.C. § 18–1501(1); (3) injury to children without the potential of great bodily harm, in violation of I.C. § 18–1501(2); and, battery, in violation of I.C. § 18–903. The State objected to these proposed instructions on the basis of I.C. § 19–2132(b)(2).[2] The position of the State was that a reasonable view of the evidence presented in the case would not support a finding that the defendant committed a lesser included offense. The position of the appellant was that the four lesser included offenses applied to the alleged sexual contacts.

---

1. The questions and answers were:
   *Question 1:* "Between 12/25/87 and 2/15/88, did you ever do anything with [victim] that anyone could consider as sexual?"
   *Answer 1:* "No."
   *Question 2:* "Between 12/25/87 and 2/15/88, did [victim's] mouth ever once touch your penis?"
   *Answer 2:* "No."
   *Question 3:* "Between 12/25/87 and 2/15/88, did your penis ever once touch [victim's] butt?"
   *Answer 3:* "No."
   *Question 4:* "Between 12/25/87 and 2/15/88, did your bare penis ever once touch [victim] anywhere on his body?"
   *Answer 4:* "No."

2. This statute reads in full:
   **19–2132. Instructions to jury—Requests— Instructions on included offenses.** (a) In charging the jury, the court must state to them all matters of law necessary for their information. Either party may present to the court any written charge and request that it be given. If the court thinks it correct and pertinent, it must be given; if not, it must be refused. Upon each charge presented and given or refused, the court must indorse and sign its decision. If part be given and part refused, the court must distinguish, showing by the indorsement what part of the charge was given and what part refused.
   (b) The court shall instruct the jury with respect to a lesser included offense if:
   (1) Either party requests such an instruction; and
   (2) There is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense.

The district court denied the four proposed instructions. It noted that since there was no testimony regarding any touching other than oral-genital and anal-genital, and since this type of contact is specifically denoted in the statute as lewd and lascivious, there was no factual basis to support the lesser included offenses. In other words, there was no reasonable view of the evidence that the contact was anything less than that which the statute specifically defines as being lewd and lascivious conduct.

In his brief, the appellant also challenges the constitutionality of I.C. § 19–2132. Specifically, appellant claims that this statute violates the right to a jury trial, Idaho Const. art. 1, § 7, and the separation of powers, Idaho Const. art. 2, § 1.

Finally, the appellant challenges the sentence imposed upon him by the district court. Appellant claims that this sentence extends the possibility of parole so far into the future as to render rehabilitation impossible.

The issues on appeal are:

I. Was the district court correct in excluding the testimony regarding the statements made and physiological responses observed during the polygraph examination?

II. Was the district court correct in denying the appellant's requested jury instructions on the four lesser included offenses?

III. Does I.C. § 19–2132 violate the right to a jury trial and the separation of powers under the Idaho Constitution?

IV. Did the district court abuse its discretion in sentencing the appellant to a fixed term of thirty (30) years to a maximum of life in prison?

COUNSEL FOR APPELLANT DID NOT LAY A PROPER FOUNDATION FOR TESTIMONY REGARDING THE PHYSIOLOGICAL RESPONSES OBSERVED DURING THE POLYGRAPH EXAMINATION

■ In this case, counsel for appellant called a polygraph examiner as a witness.

The State, aware of the purpose of calling this witness, objected. The trial court excused the jury, heard the arguments of counsel, decided not to allow the testimony, and allowed counsel for appellant to make his offer of proof for appeal purposes. In this offer of proof, counsel for appellant discussed the witness's background as a police officer, his training on polygraph machines, his experience interviewing individuals, that he would testify as to how such a machine works, how a polygraph interview is conducted, his observations of the appellant's physiological responses, how a lay person could interpret those responses, how a subject is prepared for an examination, and the manner in which the examination of appellant took place. Counsel did not, however, offer the polygraph test results, but only Mr. Teigen's observations.

The trial court correctly ruled that the testimony proffered in the offer of proof was not relevant to the issues in this case.

This Court has previously held that polygraph test results are not admissible as not "sufficiently established to assure ... validity or reliability." *State v. Fain*, 116 Idaho 82, 87, 774 P.2d 252, 257 (1989).

### THE STATEMENTS OFFERED BY APPELLANT ARE HEARSAY

■ The district court noted, and we have found from the record, that the theory of the defense at trial was that the alleged sexual contacts did not occur. In addition, the defendant-appellant did not take the stand in his behalf at trial. Yet, appellant requested the district court to allow testimony regarding statements made during the course of the polygraph examination. These statements, which are set forth in footnote 1, are a series of four questions and four answers which go straight to the theory of the defense, *i.e.*, "it never happened."

(c) If a lesser included offense is submitted to the jury for consideration, the court shall instruct the jury that it may not consider the lesser included offense unless it has first considered each of the greater offenses within which it is included, and has concluded in its deliberations that the defendant is not guilty of each of such greater offenses.

"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c). The statements were offered by appellant to substantiate his defense that the alleged acts never happened. Under I.R.E. 801(c), this purpose constitutes impermissible hearsay. And, therefore, the statements were properly excluded under I.R.E. 802.

## THERE WAS NO REASONABLE VIEW OF THE EVIDENCE TO SUPPORT THE FOUR PROPOSED INSTRUCTIONS ON LESSER INCLUDED OFFENSES

The key language of I.C. § 19–2132 (the lesser included offenses statute) appears in subsection (b) and dictates that "[t]he court shall instruct the jury with respect to a lesser included offense if . . . [e]ither party requests such an instruction; and . . . [t]here is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense." In *State v. Olsen*, 103 Idaho 278, 285, 647 P.2d 734, 741 (1982), we identified three reasons to deny requested jury instructions: (1) erroneous statement of law; (2) adequately covered by other instructions; and (3) not supported by the facts of the case.

At trial, the only evidence of contact between the victim and the appellant went to anal-genital and oral-genital contacts. There was no testimony regarding any other type of touching. The statute pursuant to which the appellant was convicted and the jury instructed, I.C. § 18–1508, specifically includes "oral-genital contact" and "anal-genital contact" as lewd and lascivious acts.[3] Therefore, since the only testimony at trial went to these specific contacts, and because I.C. § 18–1508 specifically lists these contacts as lewd and lascivious acts, the trial court was correct in ruling that the evidence did not support the proposed instructions.

## THE CONSTITUTIONAL CHALLENGE TO I.C. § 19–2132 WAS NOT PROPERLY RAISED IN THE DISTRICT COURT

Appellant contends that the lesser included offenses statute, I.C. § 19–2132, violates the right to a jury trial and the separation of powers under the Idaho Constitution. However, appellant did not object to this statute at trial or raise this issue in his pleadings. Instead, appellant raised the constitutional issue for the first time in his brief to this Court. Our rule is clear: "The longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal." *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). The exception to this rule is that "[c]onstitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. I.C. § 1–205." *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062, quoting *Messmer v. Ker*, 96 Idaho 75, 78, 524 P.2d 536, 539 (1974). Since there are no subsequent proceedings in this case, the exception does not apply, and the longstanding rule prohibits this Court from deciding this issue.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN SENTENCING THE APPELLANT TO A FIXED TERM OF THIRTY (30) YEARS IN PRISON

A person convicted of lewd conduct with a minor or child under sixteen (16)

3. This statute reads in full:

**18–1508. Lewd conduct with minor or child under sixteen.**—Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve a minor or child in any act of bestiality or sado-masochistic abuse or lewd exhibition as any of such acts are defined in section 18–1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desire of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

"shall be guilty of a felony and shall be imprisoned in the state prison for a term of *not more than life.*" I.C. § 18–1508 (emphasis added). The appellant was sentenced to thirty (30) years in prison, well within the statutory maximum of life imprisonment. Our rule is clear:

> In *State v. Dillon,* 100 Idaho 723, 724, 604 P.2d 737, 738 (1979), the Court succinctly stated the standard we must follow in reviewing sentences:
>
>> Sentencing is a matter committed to the discretion of the trial judge, and the defendant has the burden of showing a clear abuse thereof on appeal. In exercising that discretion, reasonableness is a fundamental requirement.

*State v. Broadhead,* 120 Idaho 141, 144, 814 P.2d 401, 404 (1991).

In *Broadhead,* we also reiterated the standard for determining the reasonableness of a sentence—whether the sentence was excessive under any reasonable view of the facts. *Broadhead,* 120 Idaho at 145, 814 P.2d at 405. In this case, the appellant has not provided us with a record that contains the presentence report or a transcript of the sentencing hearing. The record however, discloses that appellant has a prior conviction for the same crime and that he has been convicted of other crimes. We conclude that under this view of the record, the district court did not abuse its discretion in sentencing the appellant to a fixed term of thirty (30) years in prison.

In all respects, the decision of the district court is affirmed.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.