# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 34932

| | |
|---|---|
| STATE OF IDAHO, | ) 2009 Opinion No. 52 |
| | ) |
| Plaintiff-Respondent, | ) Filed: July 2, 2009 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| LARRY DEAN CORWIN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. James C. Morfitt, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for enhanced driving under the influence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Larry Dean Corwin appeals from his judgment of conviction and sentence entered following a jury verdict finding him guilty of driving under the influence (DUI), Idaho Code § 18-8004, enhanced to a felony following a bench trial, I.C. § 18-8005(5). For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

This case stems from an automobile accident on I-84 between Nampa and Caldwell. Witnesses testified that a white car, traveling at a high rate of speed, spun out of control, flipped in the median and came to rest upside-down. The driver was described as a white male with dark hair wearing a navy blue ball cap. A witness testified that the driver was alone in the vehicle. After the car came to a rest in the median, a white male wearing jeans and a light-colored t-shirt was seen running from the vehicle.

1

Officer Anthony Pittz testified that he found no one in the vehicle. He smelled a very strong odor of an alcoholic beverage in the vehicle and saw an amber-colored liquid, which appeared to be beer, dripping from the floorboard area. He observed beer cans outside of the driver's window. Witnesses told him that the driver was a white male in a white t-shirt and blue jeans. He was directed toward the area where the driver had fled and there located a white male, hiding behind a bush, wearing a white t-shirt and blue jeans with blood smears and stains. Corwin initially denied any knowledge of a crash. He later admitted to being in a crash but claimed not to have been the driver. Officer Pittz testified that Corwin's breath smelled of alcohol, his eyes were glassy and bloodshot, and he appeared slightly agitated. He testified that he believed Corwin was under the influence of alcohol.

Idaho State Police Trooper Deshan Cabaong testified that he observed a white Oldsmobile lying on its top. He observed an empty box of beer and a blue ball cap outside the car. He smelled the odor of alcohol inside the vehicle. A document in the glove box contained the name of Larry Corwin. He testified that Corwin's breath smelled of alcohol, his eyes were bloodshot, his speech was slurred, and his movements were shaky. Corwin failed the horizontal gaze nystagmus (HGN) test. Corwin swayed as he exited the patrol vehicle. Trooper Cabaong arrested Corwin after determining that he was under the influence of alcohol. Corwin was combative at the jail and refused to submit to a breath test. Trooper Cabaong testified that Corwin was too impaired to operate a motor vehicle.

Corwin was charged with operating a motor vehicle while under the influence of alcohol and/or an intoxicating substance, with a felony enhancement because it was his third DUI offense within ten years, I.C. §§ 18-8004, 18-8005(5), and a persistent violator sentence enhancement was sought, I.C. § 19-2514. A jury found Corwin guilty of driving under the influence. Corwin waived his right to a jury trial as to the felony enhancement and persistent violator enhancement, and after a bench trial, Corwin was found guilty on the felony enhancement and the persistent violator enhancement was dismissed. The district court imposed a unified sentence of ten years, with five years determinate. Corwin filed an Idaho Criminal Rule 35 motion, which was denied. This appeal followed.

## II.

## ANALYSIS

Corwin raises three issues on appeal. First, Corwin contends that the district court erred in allowing the law enforcement officers to testify to an ultimate issue for the jury's determination, whether or not Corwin was under the influence of alcohol. Second, Corwin argues that a statement made by the prosecutor during closing argument, allegedly expressing her own opinion as to Corwin's guilt, constituted prosecutorial misconduct rising to the level of fundamental error. Third, Corwin claims that the district court acted in manifest disregard of I.C.R. 32 when it sentenced Corwin without a substance abuse evaluation and that the court further abused its discretion in denying Corwin's I.C.R. 35 motion.

### A.    Testimony Regarding Intoxication

Corwin argues that the officers' statements regarding whether or not Corwin was under the influence of alcohol did not assist the trier of fact because the jury was able to evaluate the circumstantial evidence on its own and, therefore, admission of this testimony improperly invaded the province of the jury. The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.*

As noted, Officer Pittz testified that he believed Corwin to be under the influence of alcohol. Trooper Cabaong testified that Corwin was too impaired to operate a motor vehicle.[1] As to both statements, Corwin objected on the ground that the testimony elicited invaded the province of the jury. Corwin did not object as to foundation for either officer's testimony.

Idaho Rule of Evidence 704 provides: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Corwin argues, however, that pursuant to *State v. Hester*, 114 Idaho 688, 696, 760 P.2d 27, 35 (1988), the officers' testimony impermissibly invaded the province of the jury. Corwin's reliance on *Hester* is misplaced. The *Hester* Court determined that expert testimony that the child had been abused, an ultimate issue for the jury, was proper and did not invade the province of the jury. However, the Court held that the expert exceeded the proper bounds of

---

[1]    We note that Trooper Cabaong also testified, without objection, that Corwin was under the influence of alcohol.

3

expert testimony when the expert testified that Hester was the abuser. *Hester*, 114 Idaho at 692-96, 760 P.2d at 31-35. The Court stated that "having an expert render an opinion as to the identity of the abuser is more of an invasion of the jury's function rather than an 'assist' to the trier of fact." *Id.* at 695, 760 P.2d at 34. Testimony regarding the identity of the abuser embraced *the* ultimate issue in the case, whether or not Hester was the individual who abused the child, i.e., whether or not Hester was guilty. *Id. See also State v. Walters*, 120 Idaho 46, 55, 813 P.2d 857, 866 (1990) (testimony that the defendant was the arsonist was held improper because it embraced "the ultimate fact," guilt, which was for the jury to decide.).

While the Court in *State v. Gleason*, 123 Idaho 62, 844 P.2d 691 (1992), was specifically faced with the question of whether HGN-related testimony was admissible, it held:

> The trial court in this case did not venture beyond the permissive bounds of *Garrett* when it allowed Deputy Wolfinger to testify that based on Gleason's performance on the HGN *and other* tests, Deputy Wolfinger was of the opinion that Gleason was intoxicated. . . . Deputy Wolfinger's testimony relating to the HGN test results was not offered as independent scientifically sound evidence of Gleason's intoxication. Rather, it was offered and admitted for the same purpose as other field sobriety test evidence -- a physical act on the part of Gleason observed by the officer contributing to the cumulative portrait of Gleason intimating intoxication in the officer's opinion.

123 Idaho at 66, 844 P.2d at 695 (emphasis in original).

In this case, the officers described their observations and interaction with Corwin. They testified as to his behaviors and physical state and, from that, their belief that he was under the influence of alcohol and too impaired to drive. The officers' observations that Corwin was under the influence of alcohol and too impaired to drive went to an ultimate issue of fact, but did not invade the province of the jury as to its determination of whether Corwin was or was not guilty of having driven an automobile while under the influence of alcohol. The district court did not abuse its discretion when it allowed the officers to testify that Corwin was under the influence of alcohol and too impaired to operate a motor vehicle.

**B.     Prosecutorial Misconduct**

Corwin next contends that during closing argument, the prosecutor "stated a personal belief, expressly rooted in her own opinion, that Mr. Corwin was 'under the influence and too impaired to drive a motor vehicle.'" Corwin's contention, however, is without merit as it

4

disregards the context of the prosecutor's statements. During closing argument, the prosecutor reiterated the officers' testimony, stating:

> You've heard from both officers. Both officers, based on their training, based on their experience gave an opinion as to whether or not they believed Mr. Corwin could safely operate a motor vehicle. Officer Pittz, who has been an officer for years, who is a field training officer himself, gave his opinion. Based in my opinion I believe Mr. Corwin was too -- was under the influence and too impaired to drive a motor vehicle.
>
> And you heard from Trooper Cabaong who is new. . . . Based on his experience, based on his training he believed Mr. Corwin was under the influence of alcohol and could not safely operate a motor vehicle.

It is clear that, when taken in context, the prosecutor was not offering her own opinion but was simply reiterating Officer Pittz' opinion testimony for the jury. Corwin has failed to show any prosecutorial misconduct.

## C.      Substance Abuse Evaluation

The district court ordered a substance abuse evaluation in addition to the presentence investigation report (PSI). The court inquired as to whether Corwin wished to obtain his own substance abuse evaluator or whether he wished to use Mr. Limus, "the gentleman normally used by Canyon County." Corwin indicated that Mr. Limus would be fine, and the court entered an oral order to that effect. Thereafter, the court entered a written order for completion of a PSI and a substance abuse evaluation. The written order included a handwritten notation stating that a copy of the order was sent to "Juan Limus 10-25-07."

At sentencing, the court noted that it had received the PSI and made corrections on the record to that report. The court also inquired as to whether Corwin had an opportunity to review the report and whether "any additional corrections" needed to be made "in that report." The PSI indicates that Corwin told the investigator that he "never underwent a drug/alcohol evaluation as requested on the PSI Order." The PSI states on the last page, "INSERT DRUG ALCOHOL EVALUATION." However, the record does not reflect that a substance abuse evaluation was ever completed. Corwin did not raise this issue at the sentencing hearing and the district court did not inquire as to why the substance abuse evaluation had not been completed.[2]

---

[2]      We do note, however, that the judge ordering the substance abuse evaluation was not the same judge that sentenced Corwin.

5

Corwin argues that I.C.R. 32 and I.C. § 18-8005(9) mandate that a substance abuse evaluation be ordered in DUI cases and that the failure of the district court to have that evaluation prior to sentencing constitutes a manifest disregard of the requirement. Corwin contends that "the district court was *required to order and obtain* a substance abuse evaluation for purposes of sentencing." (Emphasis added.) The State argues that it was Corwin's obligation to have the evaluation completed and delivered to the court. We agree.

The language in I.C. § 18-8005(9) indicates that "any person" convicted of a DUI shall undergo an alcohol evaluation at his own expense, unless paid for by the county. The statute also provides that "the person" shall request that a copy of the completed evaluation be forwarded to the court. Therefore, it is clear from this language that it is the defendant's responsibility, not the court's, to ensure that the evaluation is completed and that a report is provided to the court for its review. From the record in this case, it does not appear that Corwin did so.

Idaho Code § 18-8005(9) also contemplates the circumstance where a completed evaluation is not provided to the court:

> If a copy of the completed evaluation has not been provided to the court, the court may proceed to sentence the defendant; however, in such event, it shall be presumed that alcohol treatment is required unless the defendant makes a showing by a preponderance of evidence that treatment is not required. If the defendant has not made a good faith effort to provide the completed copy of the evaluation to the court, the court may consider the failure of the defendant to provide the report as an aggravating circumstance in determining an appropriate sentence.

Thus, securing completion of the evaluation and delivery to the court is the responsibility of the defendant. As set forth above, in the event a completed evaluation is not delivered to the court, the court may proceed to sentencing without the evaluation. In that circumstance, sentencing without a substance abuse evaluation is not a manifest disregard of I.C.R. 32, although it is presumed at sentencing that alcohol treatment is required. As such, the court shall order alcohol treatment unless the court determines that alcohol treatment would be inappropriate or undesirable and articulates the reasons for such determination on the record. I.C. § 18-8005(12).

The PSI included a "substance abuse comments" section, which noted that Corwin reported that he was an "alcoholic and drug addict." The PSI also noted that Corwin had participated in several programs for substance abuse treatment, which included eight different

6

programs. Corwin's counsel argued at sentencing that he needed better programming to correct his alcohol and drug abuse. Thereafter, the court proceeded to sentencing and stated:

> I have reviewed the presentence investigation report. You have six prior felony convictions. You've served time on all of those. You have been paroled on at least two and violated your parole. Your prior record consists of two burglaries, a prior felony DUI, two grand thefts, and a felony possession of a controlled substance.
>
> You have six prior DUI convictions, including one prior felony DUI. There's an outstanding -- according to the PSI -- DUI warrant at this time.
>
> You have a number of dismissed felonies and two dismissed DUIs. You were noncompliant with parole as evidenced by your parole revocations. You do have significant drug and alcohol issues. You have been unsuccessful when given the opportunity to participate in a number of substance abuse programs, which is what you're asking the Court to allow you to do at this time.
>
> . . . .
>
> I heard the circumstances of the accident that you were involved in out on the interstate. You easily could have killed or injured some of the other motorists that were on the roadway at that time. It is simply unacceptable. And I would be remiss in my duty to provide for the safety of the public and to provide deterrence to the public and to provide punishment for lawbreakers if I were to consider any sentence other than incarceration. It is simply not appropriate in this case.
>
> With respect to the possibility of your rehabilitation, that, if it's to be achieved, is best achieved in a correctional setting and not on probation, so I will not consider probation in this case, Mr. Corwin.

Thus, it is clear that the district court understood the import of Corwin's drug and alcohol abuse. However, the court determined that in light of these problems, incarceration, rather than an ordered alcohol treatment program, was most appropriate. The district court did not abuse its discretion or manifestly disregard I.C.R. 32 in sentencing Corwin.

Corwin also asserts that the district court abused its discretion when it denied his I.C.R. 35 motion. Corwin argues that he requested that a substance abuse evaluation be performed in his I.C.R. 35 motion. While Corwin did request "relief for rehabilitation purposes," he did not alert the court that prior to his sentencing a substance abuse evaluation had been ordered but not completed as he now contends on appeal. Therefore, as the issue was not raised before the district court, it will not be addressed on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). The district court did not abuse its discretion in denying Corwin's Rule 35 motion.

7

## III.
## CONCLUSION

The district court did not abuse its discretion when it allowed officers to testify that Corwin was under the influence of alcohol and too impaired to operate a motor vehicle. Corwin has failed to prove his claim of prosecutorial misconduct. The district court was not required to obtain a substance abuse evaluation and did not abuse its discretion in sentencing Corwin or in denying his Rule 35 motion. Corwin's judgment of conviction and sentence are affirmed.

Judge PERRY and Judge GUTIERREZ, **CONCUR.**