# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42383

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 601 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 27, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| CYNTHIA EVON DENT, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Cynthia Evon Dent appeals from her judgment of conviction for possession of a controlled substance, alleging her Fifth Amendment rights were violated at trial. For the reasons set forth below, we affirm.

An officer was dispatched to Dent's residence to perform a welfare check in response to a caller expressing concerns for Dent's safety. While performing the welfare check, officers discovered two small plastic bags that appeared to contain methamphetamine. After admitting she was the sole occupant of the residence, Dent was placed under arrest for possession of methamphetamine, and the officer asked Dent if she had anything illegal on her person that the officer "needed to know about." Dent disclosed that she possessed a methamphetamine pipe, which she provided to the officer. The pipe and the small plastic bags tested positive for

1

methamphetamine. Dent was charged with possession of a controlled substance. I.C. § 37-2732. She pled not guilty and proceeded to trial. At trial, an officer was questioned about the small plastic bags that were found while searching Dent's residence. The following exchange took place between the prosecutor and the officer:

> Q.  Did you ask [Dent] about those baggies?
> A.  I did.
> Q.  What did she say about those baggies?
> A.  Initially stated that she didn't have--she didn't know what they were. Thereafter, I had read [Dent] her . . . rights and she didn't want to talk about them.

Dent did not object to the officer's comment. A jury found Dent guilty of possession of methamphetamine. Dent appeals, alleging that her Fifth Amendment rights were violated when the officer commented on her exercise of her right to remain silent.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Dent alleges the officer's testimony (that Dent did not want to talk about the small plastic bags after being read her *Miranda*[1] rights) violated her unwaived Fifth Amendment right against self-incrimination. The Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 13 of the Idaho Constitution, guarantee a criminal defendant the right not to be compelled to testify against himself or herself. *State v. Ellington*, 151 Idaho 53, 60,

---

[1]     *See Miranda v. Arizona*, 384 U.S. 434 (1966).

253 P.3d 727, 734 (2011). The right to remain silent bars the prosecution from commenting on a defendant's invocation of that right. *Id*. A prosecutor may not use evidence of post-arrest, post-*Miranda* silence for either impeachment purposes or as substantive evidence of guilt because of the promise present in a *Miranda* warning. *Id*. If a prosecutor is allowed to introduce evidence of silence, for any purpose, then the right to remain silent guaranteed in *Miranda* becomes so diluted as to be rendered worthless. *State v. Parker*, 157 Idaho 132, 147, 334 P.3d 806, 821 (2014); *State v. White,* 97 Idaho 708, 714-15, 551 P.2d 1344, 1350-51 (1976).

The state argues that the officer's comment was not intended to imply guilt and, therefore, did not violate Dent's Fifth Amendment rights. The state explains that its purpose in questioning the officer about the small plastic bags was to establish that the bags were the basis of arrest, which led to Dent disclosing the pipe that was on her person. While the prosecutor may not have intended the line of questioning to create an implication of guilt based upon Dent's invocation of her right to remain silent, we are not persuaded that the officer had any other purpose for making the comment. Had the officer testified that Dent "stated that she didn't have--she didn't know what they were" and left out the second comment that "thereafter, I had read [Dent] her *Miranda* rights and she didn't want to talk about them," the testimony would have had the same evidentiary value without commenting on Dent's silence. The comment about Dent's silence did not establish a connection between Dent and the baggies, which led to Dent's arrest. In a similar case, when an officer testified that the defendant's interview terminated because the defendant remained silent, the Idaho Supreme Court held that the state provided "no convincing reason why the jury needed to be informed of how the second interview terminated." *Parker*, 157 Idaho at 147, 334 P.3d at 821. The same applies here. The state has provided no convincing reason why the jury needed to be informed that Dent refused to speak about the plastic bags after being read her *Miranda* rights. Even if the officer's comment was unsolicited, the officer's actions are imputed to the state. *See Ellington*, 151 Idaho at 61, 253 P.3d at 735. Because Dent has shown that her Fifth Amendment right was violated, which is clear from the record without the need to reference any additional information, she has established the first two prongs of the *Perry* fundamental error analysis.

The remaining question is whether Dent met her burden of proving that the officer's comment affected the outcome of the trial. Dent claims there is a reasonable possibility that the

3

officer's comment affected the outcome of the trial because one of the jurors could have concluded, absent the implication of guilt, that the baggies had been left in her house by another person without Dent's knowledge. According to Dent, there is a reasonable possibility that the officer's comment may have swayed at least one juror who might have thought the state did not prove Dent's knowledge, with regard to the plastic bags, beyond a reasonable doubt. Assuming Dent is correct, she still has not proven that the officer's comments affected the outcome of the trial. After she was told she was under arrest, Dent openly disclosed that she had a methamphetamine pipe on her person. The existence of that pipe, which contained methamphetamine residue, was sufficient for the jury to find her guilty of possession of methamphetamine. Accordingly, even if Dent was prejudiced with regard to her knowing possession of the plastic bags, she was not prejudiced with regard to the methamphetamine pipe she possessed. Therefore, Dent has not met her burden of proving that the officer's improper comment affected the outcome of the trial.

Dent has met her burden of proving that her Fifth Amendment rights were violated at trial. However, Dent did not show that the violation affected the outcome of the trial. Therefore, Dent's judgment of conviction for possession of a controlled substance is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

4