# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46854

| | |
|---|---|
| MICHAEL ANTHONY SANCHEZ, | ) |
| | ) Filed: July 7, 2020 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Michael Anthony Sanchez appeals from the district court's order summarily dismissing his petition for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, Sanchez pled guilty to two counts of robbery, Idaho Code §§ 18-6501, 18-6502; one count of burglary, I.C. § 18-1401; and one count of grand theft, I.C. §§ 18-2403(1), 18-2407(1)(a), (b). The district court entered a judgment of conviction and imposed an aggregate sentence of thirty years with fifteen years determinate. The court suspended these sentences, however, and retained jurisdiction. Sanchez did not appeal the judgment of conviction or the sentences.

1

Shortly after sentencing, Sanchez filed a motion under Idaho Criminal Rule 35 asking for a reduction in his sentences, which the district court denied. After a period of continued retained jurisdiction, the court placed Sanchez on probation. Subsequently, however, Sanchez violated his probation terms, and as a result, the court revoked probation and ordered the original sentences executed. Thereafter in March 2017, Sanchez filed a successive Rule 35 motion. The court concluded it lacked jurisdiction to hear the successive motion. *See* I.C.R. 35(b) ("A defendant may only file one motion seeking a reduction of sentence."). Sanchez then appealed the court's order revoking his probation and executing the previously suspended sentences. This Court affirmed the order and issued a remittitur on December 5, 2017. *State v. Sanchez*, Docket No. 45058 (Ct. App. Nov. 9, 2017) (unpublished).

On December 5, 2018, Sanchez filed a pro se petition for post-conviction relief, alleging four claims based on his trial counsel's conduct. Each of these four claims is specifically identified by a separate heading with subheadings under each for "allegations of deficient performance," "facts in support of claim," and "allegations of prejudice." The four claims alleged Sanchez's trial counsel was ineffective for (1) failing to file an appeal; (2) failing to file a motion to disqualify the trial judge; (3) wrongfully inducing Sanchez to plead guilty; and (4) failing to move for a change of venue. In support of his petition, Sanchez filed a sworn affidavit.[1] Following Sanchez's pro se petition, the district court appointed Sanchez counsel.

The State moved for summary dismissal of the four claims Sanchez alleged in his petition. It argued that, because these claims related to Sanchez's underlying judgment entered in June 2014, they were time-barred. *See* Idaho Code § 19-4902(a) (providing action for post-conviction relief must commence "within one (1) year from the expiration of the time for appeal"). Additionally, the State argued that, to the extent Sanchez was attempting to assert a claim based on his successive Rule 35 motion, he failed to allege his counsel's performance fell below an objective standard of reasonableness or caused prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (setting forth test for ineffective assistance of counsel). Sanchez did not respond to the State's motion. Regardless, the State filed a reply in support of its summary dismissal motion.

---

[1]     Sanchez augmented the appellate record to include this affidavit after the State filed its response brief and at the time of Sanchez's reply brief.

At the hearing on the State's motion, Sanchez's counsel did not dispute that the four claims Sanchez alleged in his petition were time-barred. Instead, counsel argued Sanchez's trial counsel was ineffective for filing his original Rule 35 motion thereby causing his second Rule 35 motion to be denied as successive:

> The issue here is really the Rule 35 motion or actually both of the Rule 35 motions. What happened is . . . that trial counsel filed the first Rule 35 motion against the wishes of my client. . . . [T]hat filing of the Rule 35 motion without the client's request is what . . . made him have a successive second Rule 35 motion that this court may well have granted, so that's the issue here . . . .

During the hearing, Sanchez's counsel also generally referenced the alleged prejudice caused by trial counsel's actions and his failure to advise Sanchez that he could have conditionally pled guilty and appealed the denial of his motion to suppress.

The district court granted the State's motion for summary dismissal at the hearing's conclusion. The court ruled that Sanchez's four claims alleged in his petition were time-barred. Further, the court liberally construed Sanchez's petition to address his argument based on his Rule 35 motions. The court noted the only possible issue that was "even potentially still alive [was] the denial of the successive Rule 35 [motion]." The court concluded, however, that Sanchez failed to present any evidence that he did not authorize his trial counsel to file the original Rule 35 motion and, regardless, any claim based on Sanchez's Rule 35 motions failed to satisfy the *Strickland* standard.

Sanchez timely appeals the district court's order summarily dismissing his petition for post-conviction relief.

## II.

## ANALYSIS

Sanchez does not dispute on appeal that the statute of limitations bars his claims that his trial counsel was ineffective for failing to move for a change of venue, failing to file a motion to disqualify the trial judge, failing to file an appeal, and inducing him to plead guilty. Further, Sanchez does not dispute that any claim based on his Rule 35 motions fails. Rather, Sanchez now argues his petition challenges his counsel's conduct during the probation revocation hearing. Specifically, he contends his counsel failed to present mitigating evidence during the revocation hearing that Sanchez was "a first-time father"; his "prison programming was insufficient"; "he was a productive member of society"; and "he had community support." Sanchez contends this claim was timely asserted in his December 5, 2018, petition because this

3

Court remitted its decision on his appeal from the order revoking his probation on December 5, 2017.

The State argues Sanchez failed to preserve this argument for appeal. We agree. Generally, this Court will not address issues raised for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). "The rule that unpreserved issues are forfeited serves several important purposes, including incentivizing full development of the relevant facts and law, ensuring fairness to the opposing party, and protecting the judicial system's interests in efficiency and finality." *State v. Rodriguez*, ___ Idaho ___, ___, ___ P.3d ___, ___ (June 10, 2020).

Sanchez never argued in the district court that his petition alleged his counsel provided ineffective assistance at the probation revocation hearing. Although Sanchez's petition does include allegations that he asked his trial counsel to introduce mitigating factors at Sanchez's "sentencing hearing," these allegations do not appear in the context of the petition to allege a separate, distinct claim for relief. Rather, they appear under the subheading "allegations of prejudice" in support of Sanchez's "third claim" alleging his trial counsel wrongfully induced him to plead guilty. Further, the allegations specifically state that they relate to Sanchez's "sentencing hearing." They do not appear on their face to relate to the probation revocation hearing as Sanchez now contends on appeal. In neither Sanchez's petition nor his affidavit does he mention his probation revocation hearing.

The district court liberally construed Sanchez's petition and supporting affidavit to address his assertions that his counsel was ineffective for filing a Rule 35 motion on Sanchez's behalf but without his permission. Sanchez, however, never alerted the court that his allegations about mitigating factors at his sentencing hearing actually constituted a separate claim for relief based on his probation revocation hearing--either in response to the State's motion for summary dismissal or at the summary dismissal hearing. As a result, the State never had an opportunity to respond to Sanchez's assertion, and the court never ruled on it. For these reasons, we decline to address Sanchez's argument that his trial counsel was ineffective for failing to raise mitigating factors at the probation revocation hearing.

4

### III.

### CONCLUSION

Sanchez failed to preserve for appeal his argument that his petition for post-conviction relief alleged a claim of ineffective assistance of counsel at his probation revocation hearing. Accordingly, we affirm the district court's order summarily dismissing Sanchez's petition.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.