IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 47276**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Filed: August 5, 2020** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **ESIQUIO ANTHONY ALVAREZ,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Esiquio Anthony Alvarez appeals from the district court's judgment of conviction for aggravated assault, Idaho Code §§ 18-901(b), 18-905(b). Alvarez argues the district court erred by failing to properly instruct the jury. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Alvarez with robbery, burglary, and aggravated assault after he entered the victim's home with a gun, threatened her and her eleven-year-old-son, and took her phone and wallet. At trial, the victim testified she heard a pounding on her door around 5:00 a.m. She recognized Alvarez, who she knew as a result of some involvement with drug activity. She told him to leave. Alvarez, accompanied by another individual in a mask, did not leave but instead kicked the victim's door in and pursued her through the home into her bedroom. The victim's eleven-year-old son was in the bed and testified at trial that both men had guns and that he was

scared because the men had entered his home and pushed his mother onto the bed. The victim testified Alvarez pointed the gun at her son's head and told her he was there to make a point which she believed was the result of her failing to pay him for drugs that she had agreed to sell. The victim's son further testified that he believed the men were going to hurt him. Alvarez argued that the victim's initial hesitation to admit her drug-related affiliation with him made her an unreliable witness and further, that the scene was staged and the break-in never actually took place.

Before closing argument, the district court held a final jury instruction conference where the parties were provided with the district court's prepared instructions. Neither party objected. However, during deliberation, the jury posed a question for the district court:

> If we decide that a deadly weapon was in the room, does the weapon need to be pointed directly at [the victim's son] to be an assault or is the feeling of imminent danger by the child coupled with the mere presence of the gun enough to qualify as an assault against the child?

The district court concluded that it would instruct the jury to "decide if the facts of the case comport with the definition as set forth in [the] instruction." Alvarez asked for the standard instruction on the union of act and intent because he believed the jury was not understanding the element of intent based on its question. The State argued and the district court agreed that the question seemed to be one of fact, not of intent. The district court rejected Alvarez's request and stated: "I don't think that that's getting to the intent of the individual . . . who was present in the room with the gun. I think that it goes more to just whether or not the actions indicate an assault."

The jury received the district court's clarification and ultimately returned a guilty verdict for all three counts. Alvarez was sentenced to a unified term of fifteen years with seven years determinate. Alvarez timely appeals.

## II.
## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief

under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

## III.

## ANALYSIS

On appeal, Alvarez argues the jury was not properly instructed on the elements of aggravated assault, which required the State to prove Alvarez: (1) intentionally and unlawfully threatened by word or act; (2) to do violence upon the victim; (3) with a deadly weapon; (4) had an apparent ability to do so; and (5) created a well-founded fear in the victim that such violence was imminent. I.C. §§ 18-901(b), 18-905(b). The State concedes that the instruction was erroneous, acknowledging the jury was never instructed as to the fourth and fifth elements nor to the intent element.[1] However, the State asserts the inadequate instruction does not rise to the level of fundamental error. Specifically, the State argues Alvarez has failed to show his counsel's lack of objection to the instruction was not tactical nor how the jury would have reached a different verdict had a more complete instruction been given. We agree that Alvarez has failed to demonstrate that his counsel's objection was not tactical and, thus, need not address the third prong of the fundamental error analysis.

Alvarez asserts the district court's failure to instruct on the assault element of aggravated assault impermissibly lowered the State's standard of proof, which violated his right to due process. He additionally argues the record clearly reflects the error and that there is no conceivable strategy which his trial counsel could have been utilizing by failing to object: "[T]here is no evidence in the record that trial counsel made a strategic or tactical decision in failing to object." However, as pointed out by the State, Alvarez must do more than make a conclusory assertion that the lack of an objection was not tactical. In determining whether the

---

[1] To properly convict for aggravated assault, the jury must find the defendant intended to make the threat, not simply the intent to commit the act. *State v. Larson*, 158 Idaho 130, 136, 344 P.3d 910, 916 (Ct. App. 2014).

lack of an objection by trial counsel was tactical, the court begins with the strong presumption that counsel was competent and trial tactics were based on sound legal strategy. *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013). The appellate court does not review the presumptively strategic or tactical decisions "unless those decisions are based on inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective review." *Johnson v. State*, 156 Idaho 7, 11, 319, P.3d 491, 495 (2014) (internal quotation omitted). A defendant's opinion that the absence of an objection was not tactical is not enough to overcome the presumption of competence. *Miller*, 165 Idaho at 119, 443 P.3d at 133. Rather, there must be actual evidence in the record that demonstrates the lack of objection was not tactical; in essence, rebutting the presumption of competence. *Id.*

Based on the strong presumption that trial counsel was competent and his behaviors were the result of strategic or tactical decisions, Alvarez must be able to point to evidence in the record that affirmatively establishes the opposite in order to meet prong two of the fundamental error analysis. Alvarez has failed to meet this burden where he has pointed to no evidence suggesting that the failure to object was not tactical. To the contrary, the State suggests the record supports that the decision may have been tactical, noting that Alvarez's defense strategy rested upon the contention that the assault never happened at all and that it was staged by the victim. Focusing on the credibility of the victims and not the elements of assault, Alvarez's counsel may have been strategically avoiding any focus on the elements in favor of discrediting the victims' testimony. Because Alvarez points to no evidence in the record that overcomes the presumption that trial counsel's silence was strategic, Alvarez fails to meet the burden of establishing clear error in the record under the second prong of the fundamental error analysis.

## IV.

## CONCLUSION

Because Alvarez failed to demonstrate his trial counsel's decision not to object to an erroneous jury instruction was not tactical, his fundamental error argument fails. Accordingly, we affirm the judgment of conviction.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.