**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48618**

| | | |
|---|---|---|
| In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | **Filed: May 11, 2021** |
| | ) | |
| Petitioner-Respondent, | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| v. | ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT** |
| JOHN DOE (2021-05), | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. Victoria Olds, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

McCormick Law Office; Deborah L. McCormick, Moscow, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Floyd L. Swanton, Jr., Deputy Attorney General, Lewiston, for respondent.

_____

GRATTON, Judge

John Doe appeals from the judgment terminating his parental rights to his minor child. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose after Doe's child was taken into the custody of the Idaho Department of Health and Welfare (the Department). While in the Department's custody, DNA testing was performed and Doe's paternity established. Custody was not given to Doe due to his lack of a stable home, his criminal history, and substance abuse. A case plan was created with the purpose of helping Doe obtain custody after completing the tasks set forth in the plan. The child remained in the custody of the Department over the next year while Doe was to complete the

1

case plan. During this period, Doe moved multiple times for medical care and faced criminal charges in three different states.

The Department petitioned to have Doe's parental rights terminated. After a hearing, the magistrate court issued an order terminating Doe's parental rights on the basis of neglect, Doe's inability to discharge his parental responsibilities, and the best interests of the child. Doe timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).

## III.

## ANALYSIS

Doe argues, for the first time on appeal, an impossibility defense based on the COVID-19 pandemic. Specifically, Doe argues that compliance with his case plan was complicated by the pandemic, and that the court should have considered its impact in its findings. The State contends that this argument was not raised in the magistrate court, is therefore waived, and that an impossibility defense is only available for one of the two statutory grounds relied on by the court.

While Doe claims that his impossibility defense was raised during the hearing, a review of the record does not reflect this assertion. While Doe mentioned difficulties in dealing with COVID-19 at the hearing, specifically its impact on his medical care and visits with his child, he did not argue that COVID-19 made compliance with his case plan impossible. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). This argument is therefore waived. Further, even if Doe's impossibility defense were properly raised, Doe failed to show that his failure to comply with the case plan was due to COVID-19, rather than his own actions. In considering Doe's compliance with his case plan, the court found that Doe missed most of the scheduled supervised visitations, all random drug tests, all office meetings, and the majority of court hearings. In addition, Doe declined to engage in treatment and counseling, did not maintain stable housing or employment, had no income, and faced multiple criminal charges throughout the period in question. While Doe argues that COVID-19 complicated his visitations and forced him to move for medical care, he makes no argument as to how COVID-19 caused the rest of his failings in the case plan.

Moreover, the State is also correct that an impossibility defense is only available for one of the two statutory grounds relied on by the court: Doe's failure to comply with the case plan under I.C. § 16-2002(3)(b). *Idaho Dep't of Health & Welfare v. Doe*, 162 Idaho 236, 243, 395 P.3d 1269, 1276 (2017). Even if the argument were properly raised, it does not address the court's finding that, under I.C. § 16-2005(1)(d), Doe was unable to discharge his parental responsibilities. The court commended Doe's admission that he cannot handle all of the things happening in his life and must focus on sobriety and his physical health, but found that Doe is unable to discharge his parental responsibilities, and such inability will continue for a prolonged

indeterminate period. The court's findings and conclusion are supported by the record and are unchallenged by Doe.

Doe asks this Court to remand this matter to the magistrate court to make further findings of the effect of COVID-19 and Doe's medical issues on his ability to complete the case plan. We decline to do so. The magistrate court noted certain scheduling accommodations partially due to COVID-19, but changed Doe's permanency goal to termination despite the court giving him more time to work the case plan. The court heard Doe's mention of dealing with COVID-19 related difficulties but also found that Doe offered many reasons why and excuses for his lack of progress on any task in the case plan and his lack of engagement in court proceedings. The court also noted Doe's medical issues, related moves, and familial medical care responsibilities. However, the court also detailed Doe's lack of effort, including before COVID-19, and his continued criminal activities. Doe has not demonstrated that the court's findings are inadequate.

The petitioner must also prove that termination of parental rights is in the child's best interests. The court found that termination of Doe's parental rights is in the child's best interests because Doe cannot provide for the child's emotional, physical, and developmental needs and the child has noticeably improved and flourished while in care. Doe does not challenge the court's finding regarding best interests.

## IV.
## CONCLUSION

Doe has failed to show that the magistrate court erred in not adequately considering his impossibility defense and the impact of the COVID-19 pandemic and his medical issues on his compliance with the case plan. Therefore, we affirm the magistrate court's judgment terminating Doe's parental rights.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.