**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48911**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 31, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AMBER DAWN ORTIZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Ned C. Williamson, District Judge.

Judgment of conviction for forgery, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Amber Dawn Ortiz appeals from her judgment of conviction for forgery. Ortiz asserts the evidence presented at trial was insufficient to prove beyond a reasonable doubt that she was the person who committed the forgery and, thus, was insufficient to support her conviction. There is substantial evidence to support the jury's finding that Ortiz committed the forgery, and we affirm Ortiz's judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ortiz was charged with one count of forgery in violation of Idaho Code § 18-3601. The State alleged Ortiz passed or attempted to pass an altered check to the City of Burley; Ortiz pleaded not guilty, and the case proceeded to trial.

1

At trial, Father Mark Uhlenkott testified that on December 12, 2019, he wrote a check for $50.00 to the City of Burley. However, the check, admitted as an exhibit at trial, was in the amount of $250.00. It was dated December 12, 2019, was on behalf of The Roman Catholic Diocese of Boise, and was signed by Uhlenkott. Uhlenkott testified that he wrote the check for $50.00 and that the writing on the check for "two hundred" was not his handwriting.

Uhlenkott testified that he wrote the check to help a woman named Amber. Uhlenkott identified Ortiz as the woman for whom he wrote the check. During cross-examination, Uhlenkott stated that he remembered enough about writing the check to know that Ortiz was "probably" the woman he wrote the check for and when questioned further, he stated that he was eighty percent sure that Ortiz was the woman for whom he wrote the check.

Araceli Arreguin, a clerk for the City of Burley, testified that she previously worked at a bank where she received training on how to recognize fraudulent checks. Arreguin said the training she received while working at the bank led her to make specific mental notes about the individual who gave her the altered check. Arreguin testified that she received the check at issue as payment at Burley City Hall on December 12, 2019. Arreguin said that when she first saw the check, the handwriting stood out to her; Arreguin explained that the first portion of the amount that said "Two hundred" was written in different handwriting than the second portion that said "Fifty." She said that the numerical amount appeared to have been written more than once, as if there was an error in the initial number and the number had been rewritten.

Arreguin identified Ortiz as the woman she received the check from and said Ortiz had used the check to make a payment on another customer's account. Arreguin said Ortiz did not provide her name or any form of identification. Arreguin testified that Ortiz asked to make a payment on another customer's account and asked for change because the amount due was less than the amount of the check. Arreguin told Ortiz that the city does not give change back on checks and Ortiz said "okay" and left. Arreguin said she was "[a]bout 96 percent sure" Ortiz was the person who handed her the check. During cross-examination, Ortiz's counsel asked Arreguin: "How sure would you be if [Ortiz] was sitting out there instead of up here next to me?" and Arreguin responded "[a]bout 80 percent." Arreguin agreed that Ortiz being present at the defense table made it easier for Arreguin to identify her; Arreguin stated that she could "distinguish [Ortiz's] eyes."

2

Ortiz did not testify and did not call any witnesses in her defense. The jury returned a guilty verdict. The district court sentenced Ortiz to a unified term of incarceration of six years, with two years determinate, suspended the sentence, and placed Ortiz on three years of supervised probation. Ortiz timely appeals.

## II.

## ANALYSIS

Ortiz asserts the State did not present sufficient evidence to support her conviction for forgery. Specifically, Ortiz argues there was insufficient evidence for a jury to find, beyond a reasonable doubt, that she was the individual who passed or attempted to pass the altered check because the eyewitness identifications were highly suggestive, generally insufficient, and unreliable. The State asserts the evidence was sufficient to prove Ortiz's identity beyond a reasonable doubt and, as such, there was sufficient evidence to support the conviction.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

First, Ortiz asserts Uhlenkott's and Arreguin's in-court identifications were so highly suggestive that they cannot provide the necessary quantum of evidence to sustain her conviction. Ortiz argues the in-court identifications are tantamount to single subject show-ups, which have been recognized as inherently suspicious. Ortiz did not object to the in-court identifications below, and we decline to consider this argument for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

Second, Ortiz asserts Uhlenkott's and Arreguin's testimony was insufficient to prove identity beyond a reasonable doubt. Ortiz contends that Arreguin's testimony that she would have

been eighty percent certain of Ortiz's identity had Ortiz not been seated at the defense table indicates that Arreguin was improperly inferring guilt from the fact that Ortiz was the defendant. We disagree. Arreguin's interaction with Ortiz occurred at a close distance--across a counter at the clerk's office. Arreguin testified that at the time she received the altered check, she made mental notes about the individual who gave her the check and she identified Ortiz as that individual. Ortiz's presence at the defense table increased Arreguin's level of certainty because Arreguin testified she could distinguish Ortiz's eyes, implying that it was the closer distance, not Ortiz's presence at defense table that aided Arreguin's identification. Nothing in the record supports Ortiz's assertion that Arreguin inferred Ortiz was guilty simply because she was the defendant.

Finally, Ortiz argues Uhlenkott's testimony that he was eighty percent certain Ortiz was the individual he wrote the check for is not sufficiently reliable to prove Ortiz's identity beyond a reasonable doubt because "twenty percent uncertainty necessarily leaves a reasonable doubt." This assertion is misplaced, as there is no specific quantum of evidence that equates to reasonable doubt. Furthermore, the State did not rely solely on Uhlenkott's testimony to prove that Ortiz was the individual who passed or attempted to pass the altered check. As noted above, the State also presented the testimony of Arreguin. Taken together and viewed in the light most favorable to the State, there is substantial evidence to support the jury's finding that Ortiz was the individual who passed or attempted to pass the altered check. Therefore, there is substantial evidence to support Ortiz's conviction for forgery.

### III.
### CONCLUSION

Substantial evidence supports the jury's verdict that Ortiz committed forgery. Accordingly, Ortiz's judgment of conviction is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

4