**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42809**

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 428 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 9, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| LEROY WAYNE SIMPSON, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Judgment of conviction and order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Leroy Wayne Simpson appeals from his judgment of conviction for forcible sexual penetration by use of foreign object, and specifically appeals the order denying the motion to suppress his confession. For the reasons set forth below, we affirm.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

M.G. was taken to the hospital with significant injuries, and medical providers determined the injuries were the result of child abuse. Simpson was then investigated as a potential suspect for inflicting M.G.'s injuries, although he was not suspected of being the only person responsible for the injuries. At the time the injuries occurred, Simpson resided with M.G. and M.G.'s parents, and Simpson was often left alone to care for M.G. Approximately four months after M.G. was injured, Simpson was contacted by Officer Marley, one of the investigating officers, and taken in for questioning. Officer Marley was familiar with Simpson

1

and his background because she had worked with Simpson's family as a social worker when Simpson was a child.

Simpson accompanied Officer Marley to the police station for an interview voluntarily, and there is no dispute the nature of the interview was non-custodial. No *Miranda*[1] warnings were provided to Simpson. He was placed in an interrogation room and directed to a specific chair in the room. Detective Lawrence was the first to interview Simpson. After Detective Lawrence asked a few questions, he exited the room, and Officer Marley continued the interview. Officer Marley questioned Simpson about specific details of M.G.'s injuries, including the injury to M.G.'s anus. Detective Lawrence returned to the room and again participated in the interview. The interview lasted approximately one hour, during which Simpson left the room accompanied by Officer Marley to smoke a cigarette. Simpson ultimately confessed to injuring M.G., including using a vibrator in M.G's anus. At the conclusion of the interview, Simpson was not arrested and Officer Marley drove him home.

Simpson was charged with forcible sexual penetration with a foreign object and injury to a child. He filed a motion to suppress his statements, arguing the confession was coerced due to the interrogation tactics of the investigating officers. Simpson relied on the testimony of Dr. Kenneth Lindsey and Dr. Charles Honts in support of the claim that the confession was coerced.

Simpson entered an *Alford*[2] plea to the sexual penetration charge and reserved the right to appeal the order denying the motion to suppress. He was sentenced to a unified sentence of thirty-three years, with eight years determinate. Simpson appeals from the judgment of conviction and the denial of the motion to suppress his confession.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts,

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

At issue in this appeal is Simpson's claim that his confession was coerced and consequently, the district court erred in denying the motion to suppress the confession. Specifically, Simpson argues the district court did not give proper consideration to the fact that Simpson was not provided the *Miranda* warnings because it determined the interview was a non-custodial interrogation.[3]  He further contends the district court's decision was erroneous because it failed to consider Simpson's mental health issues and his susceptibility to coercion as a result of the interview techniques utilized by the investigating officers.

In reviewing a claim of an involuntary confession obtained due to police coercion, we look to the totality of the circumstances and whether the "defendant's will was overborne by the police conduct."  *State v. Stone*, 154 Idaho 949, 953, 303 P.3d 636, 640 (Ct. App. 2013).  In determining the voluntariness of a confession, a court must look to the characteristics of the accused and the details of the interrogation, including:  (1) whether *Miranda* warnings were given; (2) the youth of the accused; (3) the accused's level of education or low intelligence; (4) the length of the detention; (5) the repeated and prolonged nature of the questioning; and (6) deprivation of food or sleep.  *Stone*, 154 Idaho at 953, 303 P.3d at 640; *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).  Other considerations may include whether deception, trickery, threats, or direct or implied promises were utilized.  *State v. Hays*, 159 Idaho 476, 485, 362 P.3d 551, 560 (Ct. App. 2015); *see also Stone*, 154 Idaho at 953, 303 P.3d at 640.  It is the burden of the State to show by a preponderance of the evidence that a defendant's confession or other statements were voluntarily given.h  *Stone*, 154 Idaho at 953, 303 P.3d at 640.  The use of an involuntary statement against a criminal defendant violates the Due Process Clause.  *Hays*, 159 Idaho at 485, 362 P.3d at 560.  The exclusionary rule "applies to any confession that was the product of police coercion, either physical or psychological, or that was otherwise obtained by

---

[3]  Simpson does not contend this was a custodial interview and that *Miranda* warnings were required.  Rather, his argument is the district court did not give proper weight to the lack of *Miranda* warnings as a factor for determining voluntariness of the confession.

methods offensive to due process." *Id.*; *State v. Doe*, 130 Idaho 811, 814, 948 P.2d 166, 169 (Ct. App. 1997).

At the motion to suppress hearing, the district court heard testimony from both investigating officers involved in the interview with Simpson, as well as testimony from Dr. Lindsey, who performed a psychosexual evaluation, and Dr. Honts, who offered expert opinion that Simpson's confession was a coerced-compliant confession obtained through use of improper police interview techniques. The district court issued a written order and made the specific findings of fact to support the denial of the motion to suppress the confession.

The district court determined the interview was a non-custodial interrogation because Simpson was informed he was not under arrest and was free to leave, and therefore, it was not necessary for Simpson to receive the *Miranda* warnings. On appeal, Simpson argues the court erroneously disposed of this factor of the voluntariness analysis. Simpson's argument is not supported by the record. In its order, the district court recognized the *Miranda* warnings as a relevant factor in the analysis of whether the confession was voluntary in a non-custodial interrogation setting. In addition, the district court noted additional factors weighing in favor of the validity of the confession, including Simpson's age of twenty-nine years, the length of the interview, which was less than ninety minutes, and the fact that Simpson was not deprived of any physical necessities. The district court considered the totality of the circumstances and properly analyzed the relevant facts in making this determination.

Also at issue is Simpson's claim the district court did not properly consider his mental health issues in deciding the confession was voluntarily given. Simpson argues he was in special education programs as a high school student. In addition, he argues he was diagnosed with frontal lobe and executive function deficits, bipolar disorder, attention deficit/hyperactivity disorder, and a mixed learning disability. However, much of this information was contained in the two psychosexual evaluation reports and the presentence investigation report and thus, was not before the district court at the time of the suppression hearing. The only evidence of Simpson's mental health issues presented during the motion to suppress hearing was the testimony of Dr. Kenneth Lindsey, who conducted a psychosexual evaluation of Simpson prior to the hearing. Dr. Lindsey testified that during the evaluation process, he observed what he considered to be indicators of executive dysfunction. These indicators included apparent difficulty with social comprehension and social judgment, slow speed of processing information,

4

difficulty thinking through a situation, and the apparent reversal of Simpson's version of how the injuries were inflicted upon M.G.

However, Dr. Lindsey also testified he had not conducted any tests or evaluations on Simpson to confirm this diagnosis, and his testimony was limited to his observations of Simpson during the process of conducting the psychosexual evaluation. Simpson's reliance on information adduced after the motion to suppress hearing cannot be considered for purposes of appeal because he did not make the information available to the district court at the motion to suppress hearing and did not renew his motion based on the additional evidence. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

In its order, the district court makes specific reference to Dr. Lindsey's testimony and opinion that Simpson had difficulty tracking conversations. However, the district court also found the video of the interview supported the investigating officers' testimony that Simpson was tracking the course and content of the interview. The district court properly exercised its discretion to evaluate the credibility of witnesses and evidence and to assign the weight to be afforded to each piece of evidence. We do not find error in the district court's finding that Simpson was able to track the course of the interview and was not coerced by the nature of the questioning during the interview. The district court's findings are supported by the record and were arrived at by a proper exercise of discretion.

Finally, we address Simpson's claim that improper interview techniques were utilized which led to a coerced-compliant confession. On appeal, Simpson argues the district court did not give proper consideration to the testimony of Dr. Honts on the coercive nature of the techniques utilized during the interview, including the use of theme-building, false friend, false evidence, minimization, and not allowing Simpson to take an unaccompanied smoke break. The district court concluded the nature of the questioning did not impermissibly confuse, trick, or deceive Simpson and that Officer Marley's use of information from Simpson's past was not sufficiently coercive to overcome Simpson's will. The district court considered the totality of the circumstances, and its findings of fact are supported by the record as it existed at the time of the motion to suppress hearing. The district court properly exercised its authority to assess the credibility of the witnesses and the evidence, and its decision that the interview was not so coercive to render Simpson's statements involuntary is affirmed.

5

**IV.**

**CONCLUSION**

The district court properly considered the applicable legal standards and the evidence in the record, and its decision that Simpson's will was not overborne during the interview is supported by the record. The judgment of conviction and order denying Simpson's motion to suppress his confession is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.