**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43610 & 43635**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 530** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 11, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **AUSTIN MATTHEW CLYDE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgments of conviction and sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Austin Matthew Clyde appeals from his judgments of conviction and his aggregate, unified sentence of seventeen years, with fourteen years determinate, following his guilty pleas to burglary and possession of a controlled substance, methamphetamine. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Clyde pled guilty to one count of burglary and one count of possession of a controlled substance, methamphetamine. Clyde claimed in his pre-sentence investigation (PSI) report that he had been convicted of three counts of aggravated murder of rival gang members as a juvenile. The PSI reported:

> During the presentence interview, the defendant reported he was convicted of three counts of Aggravated Murder at the age of 14. He said he shot and killed three rival gang members and stabbed one of the victims 16 times. No

1

information pertaining to this crime could be located in NCIC records or information provided by the Utah Division of Juvenile Justice Services.

In the GAIN-I report attached to the PSI, Clyde stated: "I have been convicted of Aggravated Homicides, I killed three people and I was told I stabbed the third guy 17 times with a knife, when I was 14 years old and have been in Juvenile Prison until I got out on 04/22/2014." Additionally, Clyde stated:

> I was taking (sic) out of their care when I killed those guys and they put me in the Salt Lake Jail. I was a member of the gang RPN (Rose Park Norteno) in Utah. I shot and killed three rival members, I really don't recall stabbing the guy that many times. They say I stabbed the guy 17 times, I know I shot the other two guys.

At sentencing, the district court inquired of Clyde whether the PSI contained any errors or whether Clyde wished to make any changes or corrections to the PSI. Clyde made numerous corrections to clarify other statements and correct other pieces of erroneous information contained in the PSI at sentencing, but did not clarify, correct, or move to strike his statements about the triple homicide. During sentencing, the district court inquired about Clyde's triple homicide claims in the PSI. Clyde's counsel explained the murders did not happen and Clyde only said it "to make himself look tougher and bigger." Additionally, counsel noted the lack of verification of these claims and that there was no record that the murders had occurred. Clyde never specifically objected to the inclusion of the statements in the PSI or to the district court's consideration of the statements. The district court commented that even assuming Clyde did not commit the murders in Utah, the fact that Clyde would make such a statement, as well as other statements, indicated that Clyde demonstrated "thinking errors." The district court advised that its sentencing decision took into account the goals of sentencing and explained the underlying sentence was what the court would have given Clyde if it assumed the murders occurred. The court retained jurisdiction, explaining that it could reduce Clyde's sentence if further information about the alleged murders came out and if Clyde performed well on his rider. The district court imposed a determinate ten-year sentence for the burglary conviction and a unified seven-year sentence, with four years determinate, for the possession of methamphetamine conviction, to be served consecutively, and retained jurisdiction for one year. Following his period of retained jurisdiction, in Docket No. 46310, the district court relinquished jurisdiction and imposed a

2

reduced unified seven-year sentence, with four years determinate, to run concurrent with his sentence in Docket No. 43635.[1] Clyde appeals.

## II.

## ANALYSIS

Clyde contends the district court abused its sentencing discretion by relying on unreliable and unsupported statements in Clyde's PSI and by imposing sentences that were excessive in light of mitigating factors.

### A.    The Court's Reliance on the Statements in the PSI

Clyde first challenges the district court's reliance on Clyde's statements in the PSI. Clyde argues the district court erroneously relied upon this unreliable statement (Clyde was convicted of three counts of aggravated murder at the age of fourteen because he shot and killed three rival gang members) when imposing his sentence. The State argues that Clyde did not raise this objection below, and therefore, Clyde must demonstrate fundamental error. In response, Clyde argues that he objected below and the fundamental error analysis is inapplicable.

The threshold question is whether Clyde preserved his objection in the trial court. This Court dealt with a similar issue in *State v. Reid*, 151 Idaho 80, 253 P.3d 754 (Ct. App. 2011). In *Reid*, we held arguments about the usefulness of statements in a transcript at sentencing are not an objection. *Id.* at 88, 253 P.3d at 762. In that case, the district court told the parties it reviewed the PSI and the interview transcript of the defendant's cellmate. The defendant's attorney argued the cellmate had "no credibility," the statements in the transcript were "inflammatory," none of the statements were corroborated by other evidence, and "none of it happened." *Id.* We held because the statements by the defendant's attorney were arguments regarding the usefulness of the transcript, the statements did not constitute an objection. *Id.*

In this case, Clyde made multiple corrections to the PSI at sentencing, which included clarifying other statements and correcting errors. Clyde did not clarify or correct his statements about the triple homicide. When asked by the district court to explain the multiple references in the PSI about the triple homicide, Clyde explained the comments were "never anything that

---

[1]    Upon appellant's motion, this Court issued an Order Granting Motion to Augment the Clerk's Record with the Order on Retained Jurisdiction, Imposing Sentence and Reducing Sentence filed April 25, 2016, in district court case no. CR 2015-1094, Docket No. 43635. No such augmentation was filed for Docket No. 43610.

happened" and were said to make Clyde look "tougher and bigger." Further, Clyde argued there was no verification that the triple homicide occurred.

Clyde's statements are analogous to those in *Reid*, where this Court held arguments regarding the usefulness of a transcript do not constitute an objection. Likewise, explanations as to the substance and applicability of statements in a PSI do not constitute an objection. Thus, Clyde did not object to the district court relying on his statements regarding the triple homicide when fashioning its sentence.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Because Clyde did not object to the alleged error below, Clyde must show fundamental error. Clyde does not allege or argue in his brief that the unobjected-to error was a fundamental error. Rather, Clyde argues the fundamental error analysis is inapplicable; but if it is, the district court's actions may constitute a due process error. Further, Clyde argues that this Court can sua sponte vacate the sentence based on the erroneous reliance on the statements.

If the alleged error was not followed by a contemporaneous objection, it shall only be reviewed by an appellate court under Idaho's fundamental error doctrine. *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). Here, Clyde provides no argument pertaining to fundamental error. Clyde's brief does not explain how or why the district court's reliance on his statements, when fashioning its sentence, rise to the level of fundamental error. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). In a footnote in the reply brief, Clyde posits the district court's actions may constitute a due process error, but does not provide argument or authority for that proposition. Moreover, Idaho Appellate Rule 35(a)(4) requires an appellant to raise issues in the initial appellate brief. Issues raised for the first time in a reply brief are not considered. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Because Clyde does not provide argument or authority about this Court's ability to disregard the language of *Perry*, *supra*, as it relates to an unobjected-to error, he has waived review of this claim on appeal. *Zichko*, 129 Idaho at 263, 923 P.2d at 970.

## B.    Excessive Sentence

Finally, Clyde contends that his aggregate sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in

evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Clyde's judgments of conviction and sentences are affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

5