**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47540**

| | |
|---|---|
| ZACHARY ALLEN, | ) |
| | ) **Filed: June 9, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Zachary Allen, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Zachary Allen appeals from the district court's judgment dismissing his petition for post-conviction relief. Allen challenges the district court's order granting the State's motion for summary dismissal of his petition. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In February of 2019, pursuant to a plea agreement, Allen pled guilty to forgery, Idaho Code § 18-3604. The district court sentenced Allen to a unified term of five years with one and one-half years determinate and retained jurisdiction. In September of 2019, Allen filed a petition for post-conviction relief. The district court filed a notice of intent to dismiss Allen's petition. In the notice, the district court denied Allen's request for appointment of counsel concluding that

1

Allen did not state the possibility of a valid claim for relief. In addition, the court set forth Allen's claims as follows:

> While Allen's petition is somewhat vague, it appears that he is asserting four (4) grounds for relief: 1) ineffective assistance of counsel; 2) the fact that this is his first felony conviction and his case is currently pending an appeal[;] 3) violation of his 5th and 8th Amendment Constitutional rights[;] and 4) alleging that he was forced into signing the plea agreement illegally with the Court not following the plea agreement.

The court concluded that: (1) Allen failed to present a material issue of fact that his trial counsel's performance was deficient; (2) Allen's assertion that this is his first felony conviction and his case is pending on appeal was without merit because it is not a ground for post-conviction relief; (3) Allen failed to provide an explanation of how his Fifth and Eighth Amendment rights were violated; and (4) his allegation that his guilty plea was coerced was disproved by the record. The court gave Allen thirty days to respond to its notice of intent to dismiss. Allen failed to respond and the court dismissed Allen's petition. Allen timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

2

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Allen's brief consists of various complaints regarding his arrest and questioning, his trial counsel, the prosecutor, the presentence investigation writer, and the court. However, Allen only made the claims set forth above before the district court. Thus, we will only address those contentions on appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (explaining that issues not raised below may not be considered for the first time on appeal).

First, Allen alleged that his trial counsel was ineffective because "counsel denied all of [his] motions and appeals and refused to file some" of them, withdrew from representing him "to avoid dealing with [him] on the case," and sent him on his "rider" sooner than he was expected to without granting him the credit for time served. The district court concluded that Allen failed to show that his trial counsel's performance was deficient and his claims were without merit.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

4

This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

On appeal, Allen claims that his counsel was ineffective for various reasons including that his "attorney always showed up at court proceedings and handled them for [him,] missed all of the appointments scheduled to meet, did things illegally his way." However, Allen does not set forth the legal standard required to show that his counsel was ineffective. In addition, Allen did not argue below and does not argue on appeal that his counsel's performance fell below an objective standard of reasonableness. Because he has failed to argue or present evidence to make a prima facie case as to each essential element, the district did not err in summarily dismissing Allen's ineffective assistance of counsel claim.

Second, Allen sought post-conviction relief "[b]ecause this is [his] first felony conviction" and his "case is pending [o]n appeal." On appeal, Allen contends that he should be given relief because the court violated the law "by trying to unreasonably establish persistent law violator clause." The district court concluded that this claim was without merit because this is not a valid claim for relief under the Uniform Post-Conviction Procedure Act. We agree. The Act sets forth seven bases for post-conviction relief and Allen's claim is not among them. I.C. § 19-4901(a). To the extent that Allen's appellate argument is an effort to challenge the sentence imposed by the district court, such a claim is not cognizable in post-conviction. Further, the argument is not preserved and will not be considered on appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126.

Third, Allen asserted violations of his Fifth and Eighth Amendment rights. The district court concluded that these claims were without merit because Allen provided no argument or explanation as to how his rights were violated. On appeal, Allen lists the Fifth and Eighth Amendments, and includes a laundry list of other amendments, which he alleges were violated in the underlying criminal case. This Court will only address the arguments raised below. *Id.* Because Allen did not make an argument or explain how his Fifth and Eighth Amendment rights were violated, he failed to present a genuine issue of material fact entitling him to an evidentiary hearing. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Therefore, the district court did not err in dismissing this claim.

Fourth, Allen contended below, and argues on appeal, that he was forced into signing his plea agreement and the district court did not follow the agreement. The district court found that Allen's claim was disproved by the record. However, Allen did not provide this Court with an adequate record of the plea agreement, or the change of plea hearing. Because we do not have an adequate record to review Allen's claim, we will not presume error. *Turcott v. Estate of Bates*, 165 Idaho 183, 188, 443 P.3d 197, 202 (2019). Accordingly, the district court did not err in dismissing Allen's petition.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Allen's post-conviction petition. Therefore, the judgment of the district court summarily dismissing Allen's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.