# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50768

| | |
|---|---|
| In the Matter of: John Doe II, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| JANE DOE and JOHN DOE I, | ) ) |
| Petitioners-Respondents, | ) ) |
| v. | ) ) |
| JOHN DOE (2023-19), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: August 31, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Calvin H. Campbell, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Office of the Public Defender; Adam J. Ondo, Deputy Public Defender, Twin Falls, for appellant.

Burr-Jones Law Office, P.C., A. Elizabeth Burr-Jones, Burley, for respondent.

---

GRATTON, Judge

John Doe (2023-19) appeals from the magistrate court's judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of John Doe II (child), the minor child in this action, who was born in January 2018. Doe and Jane Doe (Mother) were briefly married but divorced before the child's birth. This case arose in March 2022, when Mother and John Doe I (Grandfather) (collectively "respondents") filed a petition for adoption and termination of Doe's parental rights to his child. The petition alleged abandonment by Doe and that termination is in the best interests of the child.

At all times Mother and child lived with Grandfather who helped raise the child. Doe first met his child in February 2018 and saw the child a few times over the following months. There

1

was never a custody or support order issued to establish a custody schedule or support payments. Doe last saw the child in May 2019. After respondents filed the petition to terminate parental rights, Doe was denied contact with the child in June 2022 partly due to pending criminal charges.

Ultimately, the magistrate court found that Grandfather had developed a substantial parental relationship with the child and that Doe abandoned the child without just cause. As a result, the magistrate court determined Doe had abandoned the child and that termination of Doe's parental rights is in the best interests of the child. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be

2

evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe argues that the magistrate court erred in finding clear and convincing evidence demonstrating grounds for termination based on abandonment and in finding that termination of Doe's parental rights is in the best interests of the child. Specifically, Doe contends the magistrate court erred by ignoring evidence regarding his progress on probation and disregarding Mother's religious beliefs and efforts to hinder his connection with the child. Respondents argue that substantial and competent evidence supports the magistrate court's termination and adoption decision. Respondents also request costs and attorney fees on appeal.

### A.      Abandonment

The magistrate court determined that Doe had abandoned his child and terminated his parental rights on the ground of abandonment, I.C. § 16-2005(1)(a). Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II (2009-02)*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).

When a parent fails to maintain a normal parental relationship without just cause for a period of one year, prima facie evidence of abandonment exists. I.C. § 16-2002(5). Section 16-2002(5) also provides that where termination is sought by a grandparent seeking to adopt the child,

the willful failure to maintain a normal parental relationship without just cause for six months is prima facie evidence of abandonment. There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the parent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the parent then has the burden of production to present evidence of just cause. *Id.* If the magistrate court finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

The key inquiry regarding "willfulness" is whether a parent is capable of maintaining a normal parental relationship with the child. *Doe v. Doe (2013-14)*, 155 Idaho 505, 508, 314 P.3d 187, 190 (2013). As the Idaho Supreme Court has stated, "[f]or one to willfully fail to do something, he or she must have the ability to do it." *Doe I (2009-02)*, 148 Idaho at 716, 228 P.3d at 983. When a parent is legally prohibited from seeing and contacting his child, then he does not have the ability to maintain a normal parent-child relationship and his abandonment cannot be willful. *Id.* at 718, 228 P.3d at 985. A parent has some degree of responsibility to acquire visitation through the court system if the child's custodian is not allowing contact. *Doe (2013-14)*, 155 Idaho at 509, 314 P.3d at 191. If the parent must secure visitation through the courts, then the failure to pursue such avenue indicates a willful failure to maintain a normal parental relationship. *Id.* at 508-09, 314 P.3d at 190-91.

Substantial and competent evidence supports the finding that Doe willfully failed to maintain a normal parent-child relationship. The magistrate court found, by clear and convincing evidence, that Doe abandoned the child. From June 2019 Doe had no contact with the child until June 2022. At the time of the termination trial, Doe had not seen the child for approximately two years. During that time, Doe failed to seek or maintain regular personal contact with the child. Doe argues he was not notified of his son's birth and that his employment made contact difficult. However, Doe was not legally prohibited from seeing his child and had Mother's contact information. The magistrate court noted Doe maintained contact with his other older children and was familiar with the court process to establish custody and visitation. Doe admits Mother permitted visits when Doe requested. The magistrate court found: "Despite the animosity that exists between [Mother] and [Doe], [Mother] has done nothing to prevent [Doe] from establishing

4

a normal relationship with [child]. The only denial of visitation or contact occurred well after this action for termination and adoption was filed and in consideration of the criminal matters."[1]  Doe could have acquired visitation through the courts, but he never attempted to gain custody or avail himself of the judicial system.  Although the magistrate court did not explicitly acknowledge Doe's probation progress or Mother's religious beliefs, clear and convincing evidence supports the magistrate court's findings.  *See In re Doe*, 143 Idaho at 348, 144 P.3d at 602 (holding that the magistrate court's findings were sufficient and amply supported by the record even if additional details would have been helpful).[2]

In addition to Doe's failure to maintain personal contact, the magistrate court found Doe failed to provide reasonable support.  Doe's informal support payments totaled $700.00 over five years.  Doe was an able-bodied man, employed and capable of employment; therefore, it was reasonable to expect contribution in support of the child.  *Doe I v. Doe*, 138 Idaho 893, 901, 71 P.3d 1040, 1048 (2003).  Doe had the ability to support his child but willfully failed to do so which supports a finding of abandonment.  *Doe II (2009-02)*, 148 Idaho at 717-18, 228 P.3d at 984-85.

The magistrate court found Mother had not prevented Doe from seeing the child or establishing a normal relationship and there is clear and convincing evidence to support the magistrate court's finding that Doe's abandonment of the child was willful and without just cause. These findings provide substantial and competent evidence for the magistrate court's conclusion that Doe abandoned the child under I.C. § 16-2005(1)(a).  Accordingly, the magistrate court did not err by concluding that Doe abandoned the child by willfully failing to maintain a normal parental relationship for well over a year without just cause.

## B.    Best Interests of the Child

Doe argues it is not in the best interests of the child to terminate his parental rights because there must be a compelling reason why the child would benefit from termination and adoption, and Doe has demonstrated good progress on probation.  Doe argues that if he retains parental

---

[1]    Doe pled guilty to attempted strangulation and resisting and obstructing an officer.  As part of the felony resolution, the dismissed charges included misdemeanor domestic battery and false imprisonment.

[2]    Doe acknowledges that a party may not assign error to the lack of findings unless the party raised the issue to the trial court by an appropriate motion.  Idaho Rule of Civil Procedure 52(c). Doe did not do so, and, consequently, further acknowledges that his arguments are simply part of the substantial evidence evaluation.

rights, Grandfather will nevertheless continue to love and care for the child. Doe posits unfounded and speculative hypotheticals based on the grandfather's age and mother's health that could lead to the child becoming an orphan if his rights are preemptively terminated.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Substantial and competent evidence supports the magistrate court's finding that termination of Doe's parental rights is in the best interests of the child. Doe had only seen the child a few times, never provided meaningful support, and had long periods of time, up to over a year, without contact. Consequently, the child developed a close bond with Grandfather and did not have any affectionate bond with Doe. The magistrate court found that Grandfather had a substantial parental relationship with the child and had become an integral part of the child's life. Specifically, Grandfather helped "to provide love, direction, support and care for [the child]." Mother believes adoption is in the best interests of the child and the magistrate court recognized that Grandfather was considered the child's father figure. The magistrate court also considered Doe's criminal history which included attempted strangulation in the presence of two of his other children. The magistrate court further considered Grandfather's age and medical condition as well as Mother's medical condition, but did not accept Doe's claim of an impending situation in which the child would be orphaned.

This Court's review is limited to whether substantial and competent evidence supports the magistrate court's decision. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court will not reweigh the evidence. *Idaho Dep't of Health and Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). The magistrate court concluded that the child was

6

provided a loving home with respondents and that Doe willfully failed to support the child. The magistrate court's factual findings are supported by clear and convincing evidence that it is in the best interests of the child to terminate Doe's parental rights. Furthermore, the magistrate court did not need to first resort to a custody proceeding when substantial and competent evidence supports termination. As such, Doe has failed to show that the magistrate court erred in finding that terminating his parental rights is in the best interests of the child.

## C.    Unclean Hands

Doe argues that termination of parental relationships are historically equitable actions and the doctrine of unclean hands applies because of Mother's conduct. "The doctrine of 'unclean hands' is based on the maxim that, 'he who comes into equity must come with clean hands.'" *Sword v. Sweet*, 140 Idaho 242, 251, 92 P.3d 492, 501 (2004) (quoting *Gilbert v. Nampa School Dist. No. 131*, 104 Idaho 137, 145, 657 P.2d 1, 9 (1983). A trial court may deny equitable relief to a party if their conduct has been inequitable, unfair, and dishonest, or fraudulent and deceitful as to the controversy at issue. *Sweet*, 140 Idaho at 251, 92 P.3d at 501.

Doe argues that respondents are not entitled to relief because Mother prevented Doe from visiting the child in violation of I.C. § 18-4506. Respondents reiterate that the magistrate court found no evidence that Mother interfered with Doe's ability to have contact with the child. As an initial matter, Doe fails to cite to any authority that the equitable doctrine of unclean hands is at all viable in a termination proceeding, and we decline to so hold. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Second, Doe did not present this argument in the trial court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Even so, the magistrate court found that "the mother has done nothing to prevent the father from establishing a normal parental relationship with [the child]." Doe's claim of unclean hands is without merit.

## D.    Attorney Fees

Respondents request costs and attorney fees on appeal pursuant to I.C. § 12-121, arguing that this appeal has been frivolously pursued. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought, pursued, or defended frivolously, unreasonably, or without foundation. An appeal is generally considered frivolous where it disputes factual findings by a trial court and

7

simply seeks the reweighing of evidence. *Doe I v. Doe (2019-03)*, 166 Idaho 47, 57, 454 P.3d 1130, 1140 (2019). However, the Idaho Supreme Court has held that due to the seriousness of the liberty interest affected in parental termination proceedings, an appeal seeking examination of conflicting evidence is not frivolous in such cases. *Id.*

Respondents argue the magistrate court's decision was supported by substantial facts in the record and that Doe made unfounded and unreasonable challenges to the magistrate court's decision. Doe argues respondents are not entitled to attorney fees because Doe has presented several legitimate issues, including whether the magistrate court considered all the facts and whether a novel legal theory should apply. Respondents' request for attorney fees is denied because of the fundamental liberty interest at stake and the reasonable arguments supported by authority. We award costs but not attorney fees to respondents.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's findings that Doe abandoned the child and that termination is in the best interests of the child. Therefore, the judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.